237 So.2d 499

**W. J. PHELPS, Walter H. Whittle and Henry L. Dickinson**

**v.**

**PUBLIC SERVICE COMMISSION of the State of Alabama, Eugene (Bull) Connor, as its President, C. C. (Jack) Owen and Sibyl Pool, as its Associate Commissioners.**

**3 Div. 17.**

Court of Civil Appeals of Alabama.

June 30, 1970.

O. J. Goodwyn and S. G. Culpepper, Montgomery, for appellants.

Hill, Hill, Stovall, Carter & Franco, William A. Oldacre and William F. Black, Montgomery, for appellees.

WRIGHT, Judge.

On January 20, 1967, in order to promote efficiency of operation and to effect substantial savings in expenditures, the Public Service Commission adopted a resolution calling for the elimination of certain employees as staff members of the commission. The appellants herein are three of those employees. The State Personnel Board and the director of personnel declined to review the action of the commission imposing the lay-offs and the appellants petitioned the Circuit Court of Montgomery County to order such review by the personnel board. The circuit court directed the board to make an investigation or study of Title 55, Section 314, Code of Alabama 1940 (Recompiled 1958), and determine whether the complainants were laid off for reasons other than those enumerated in said Section 314. That section provides in pertinent part:

> "In accordance with the rules, an appointing authority may lay off an employee in the classified service whenever he deems it necessary by reason of shortage of work or funds, or the abolition of a position or other material change in duties or organization."

The order also provided that if the board were to determine that the employees were laid off for reasons other than those enumerated in Section 314, the board shall take such actions as necessary to reinstate the complainants. This portion of the decree entered by the circuit court was upheld by the Supreme Court, and is reported in Waggoner v. Whatley, 282 Ala. 84, 209 So.2d 370. Thereafter, the personnel board conducted a hearing in the matter and a majority of the board, without making any findings, directed that the appellants should be reinstated without retroactive pay in their former employment with the commission. The Public Service Commission petitioned the Circuit Court of Montgomery County for a writ of certiorari and the writ was granted. The circuit court, after considering the entire file, all proceedings preliminary to and including the directive entered by a majority of the board, and the record, testimony, and evidence considered and made the basis of the decision of the board, quashed the directive, holding that upon the evidence before it, the board lacked the power, authority, or jurisdiction to order the reinstatement of the laid off employees. It is from this decision that the appellants prosecute this appeal.

The appellants were all public utilities examiners with the Public Service Commission at the time of the layoffs. Their duties were to investigate complaints with regard to various types of utilities and then to recommend any necessary corrective action to their superiors. In performance of these duties, they often required the use of state automobiles and travel expenses. The work with which they were involved is now performed mainly by telephone and a personal investigation is conducted only when the telephone call does not produce results.

■ The Public Service Commission had only a common law writ of certiorari available in seeking to have the decision of the personnel board reviewed. The provisions governing the actions of the personnel board and the personnel department are found in Title 55, Section 293 et seq. Code of Alabama 1940 (Recompiled 1958). There is no right of appeal or statutory certiorari provided by those sections. Therefore, the common law writ is the only means of review.

■■ There are eight assignments of error on this appeal. The first assignment is based upon the refusal of the circuit court to grant appellant's motion to quash or dismiss, as amended, which motion points out that the record sent up from the personnel board was incomplete. The record indicates that the transcript of testimony in Waggoner v. Whatley, supra, was discussed and counsel stated that he would like to offer it in evidence. However, the record does not reflect that this transcript was received into evidence, or if it was ever considered by the board. Moreover, the writ issued by the circuit court specified that the board should "certify and transmit to the clerk of this court a complete record of all proceedings, preliminary to, and including the order entered by it on the 10th day of September, 1968, including a transcript of all testimony and evidence considered and made the basis of such order." It seems evident that the transcript of the testimony in *Waggoner* was not considered by the board in reaching its decision. The circuit court could only review the record proper of the personnel board. Jefferson County v. Berkshire Development Corp., 277 Ala. 170, 168 So.2d 13. That record indicates all evidence considered and made a basis of the board's directive was certified to the circuit court. It is not enough, as appellants assert, that the transcript was available for consideration by the personnel board, when as here, the record shows that it was not considered. If such record was actually received in evidence and considered by the board, and the certificate to the circuit court was incorrect in this respect, the proper remedy was a motion to correct the record or make it complete. Motion to quash or dismiss the return or writ was not proper.

Cook et al. v. Court County Commission, Walker Co., 178 Ala. 394, 59 So. 483.

■ Assignments two through eight assign as error the order of the circuit court in vacating and setting aside the decision of the personnel board. The reviewing court has only a limited function on certiorari. The Supreme Court said in Baker v. Denniston-Boykin Co., 245 Ala. 407, 17 So.2d 148:

"(7) This Court has accepted the established principle that courts will issue certiorari to make a limited review of the quasi judicial acts of administrative boards and officers. That limited power is to determine whether the acts in question were supported by any substantial evidence, or, otherwise stated, whether the findings and conclusions are contrary to the uncontradicted evidence, or whether there was an improper application of the findings viewed in a legal sense. * * * "

■ The appellants assert that the circuit court erred in finding that there was no evidence to support the decision of the personnel board. Appellants further maintain that the circuit court erred in disturbing the directive of the board as long as there was any evidence to support the decision. A reviewing court is without authority to disturb a finding of fact by a lower tribunal, due to the limited nature of the review on certiorari. However, where the contention is advanced, as was done by the commission in its petition for certiorari, that the evidence was not sufficient or that there was no evidence to support the findings, then there is error as a matter of law, which can be reviewed by the court on certiorari. Ex parte Morehead, 281 Ala. 71, 199 So.2d 82; Paramount Coal Co. v. Williams, 214 Ala. 394, 108 So. 7; Ex parte Wells, 267 Ala. 444, 103 So.2d 328.

■ The basic question presented to the circuit court was whether there was any legal evidence before the personnel board to sustain its finding. The function of the court on certiorari is restricted to an examination into the external validity of the proceeding. When the court examines the evidence, it does so to determine whether the evidence will justify the finding of the lower tribunal. Alabama Electric Cooperative v. Alabama Power Co., 278 Ala. 123, 176 So.2d 483. That is what occurred here. The circuit court examined the record and found there was no legal evidence that the lay-offs were motivated by any reason other than those enumerated in Section 314. With this finding we are in accord. The evidence shows that the employees were laid off for reasons of economy and efficiency, pursuant to said Section 314. The exhibits introduced by the Public Service Commission support this finding. Since the reduction in the number of employees, the commission has shown a substantial savings in expenditures. There has been a marked reduction in automobile and travel expenses, occasioned by the increased use of the telephone to investigate complaints. The evidence not only shows these savings, but also proves that the work of the commission has been carried out just as efficiently, if not more so, than prior to these lay-offs. The commission has not replaced these employees and has no plans to do so. It seems clear that the investigatory work of the commission has been handled in an efficient manner since these lay-offs.

■ The Public Service Commission has a right and a duty under Section 314 to lay off personnel for reasons of economy and efficiency. There is a presumption of good faith attending the action of the commission in laying off personnel. Waggoner v. Whatley, supra. The State Personnel Board had no evidence before it which would indicate that the lay-offs were effected for any other reason than those in Section 314. We find the judgment of the trial court without error.

Affirmed.

■■ The motion of appellee to strike the affidavit filed by counsel for appellants

after the decree of the circuit court is moot. The affidavit filed after the decree is not involved in any ruling or decree of the circuit court and is not for our consideration on appeal. We consider on appeal only matters properly presented to the trial court and upon which the court entered a ruling. The trial court cannot be charged with error on any matter not properly presented to it and decided by it. Fountain v. Vredenburgh Saw Mill Co., 279 Ala. 68, 181 So.2d 508; Thomas v. Brooks, 274 Ala. 462, 149 So.2d 809.

Since we do not consider the affidavit of appellants as properly before the Court, the motion to strike is denied.