Clarence Sanders was dismissed from his employment as store clerk with the Alabama Alcoholic Beverage Control Board (ABC). He appealed to the State Personnel Board (Board), which affirmed the dismissal. He then filed petition for writ of certiorari in the Montgomery County Circuit Court. He appeals from the circuit court's order affirming dismissal.
Section 36-26-27, Code 1975, authorizes an appointing authority — here the Administrator of the ABC — to dismiss an employee whenever he considers the good of the service will be served thereby, for reasons stated in writing and served on the employee. Sanders was notified of his dismissal by letter from the Administrator citing unsatisfactory attendance, unsatisfactory performance of duties and a bad attitude toward his supervisor as reasons for dismissal. An incident, wherein Sanders allegedly swore at his supervisor and called him a "dog," was related in the letter. The dismissal was upheld by the Board and the circuit court. On appeal Sanders claims dismissal was not supported by the evidence and that the letter was insufficient to apprise him of the reasons for his dismissal.
On petition for writ of certiorari the circuit court was, as is this court, limited in *Page 1036 
its review of quasi judicial acts of administrative officers and boards, such as the State Personnel Board. Baker v.Denniston-Boykin Co., 245 Ala. 407, 17 So.2d 148 (1944); Phelpsv. Public Service Commission, 46 Ala. App. 13, 237 So.2d 499
(1970). The limited function of that review is to determine whether the act in question (dismissal) was supported by any substantial evidence, or whether the findings and conclusions are contrary to the uncontradicted evidence, or whether there was an improper application of the findings viewed in a legal sense. Banker, supra; Phelps, supra. Stated differently for purposes of the instant case, if we find the actions of the ABC and the Board, in dismissing Sanders, supported by any evidence, we must affirm. The evidence reveals the following:
Sanders was hired in March 1978. Problems with absences began almost immediately. He was absent a total of some thirty days in his first three months of employment and on May 30, 1978, was notified of dismissal by letter. For some reason, he was later told to disregard the first notice of dismissal, was retained with probation extended and subsequently given a "satisfactory" rating by the Board. Upon transfer to another store, he failed to report for work unexplainedly for one week. The unusual number of absences continued and, as the testimony of Sanders' own witness indicates, problems with efficiency at the store resulted. The evidence was that Sanders' many absences placed an increased burden of work upon the store's other employees, some of whom had to assume his duties though not trained therefor. Sanders' supervisor stated that he was unable to prepare a work schedule effectively because "I never did know when he (Sanders) was going to be out." Difficulty in running the already minimally-staffed store resulted. There was also testimony that Sanders did not perform his duties satisfactorily when present. Bookkeeping problems resulted from his tendency to throw away "tickets" used to record the store's liquor sales.
The particular incident charged, of disrespect for his supervisor by name calling was shown to have occurred. The defense of mental incapacity at the time was apparently not convincing to the court. There was substantial and sufficient evidence to support the dismissal. The "satisfactory" rating given Sanders by a previous supervisor months prior to his dismissal is not determinative of grounds for dismissal. Thomasv. Ward, 225 F.2d 953 (D.C. Cir.); cert. denied, 350 U.S. 958,76 S.Ct. 348, 100 L.Ed. 833 (1955). See, Hilyer v. Blackwell,377 So.2d 1090 (Ala.Civ.App.), cert. denied, 377 So.2d 1092
(Ala. 1979).
We find the other issue raised, that the charges listed in the letter of dismissal were so general as to prevent Sanders from preparing a defense, to be without merit. The case cited as supportive, County Board of Education of Clark County v.Oliver, 270 Ala. 107, 116 So.2d 566 (1959), fails to persuade us otherwise. The charges were sufficient in this instance to provide adequate opportunity for preparation of a defense. The defense prepared on behalf of Sanders was an excellent one and addressed squarely the deficiencies put forth by the Administrator.
This case is due to be affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.