This is a teacher tenure case.
The Board of School Commissioners of Mobile County notified Atha Lee Howell, a tenured teacher, of the proposed cancellation of her teaching contract for the remainder of the 1979-80 school year. This notice followed a recommendation of the teacher's principal, the superintendent, and the Central Appeals Committee that Howell's contract be terminated due to her insubordination in refusing to attend a fall enrichment program.
A hearing took place on February 13, 1980 before the School Board to consider the charge. After due consideration, the School Board decided in favor of cancelling Howell's contract on the ground of insubordination.
Thereafter, Howell appealed the decision of the School Board to the Alabama State Tenure Commission. The Commission affirmed the School Board's action on March 20, 1980. Howell then petitioned the Mobile County Circuit Court for a writ of mandamus which was denied. Howell thereafter appealed to this court.
The record reveals the following facts. Howell worked as a tenured teacher at W.H. Council School. Howell's principal, Alene Howard, periodically evaluated Howell's teaching performance. On the basis of these evaluations, the principal recommended Howell for an enrichment program. The principal felt Howell needed improvement in classroom management and in controlling the behavior of students. The enrichment program was designed to accomplish this.
On August 27, 1979 Howell received a letter from the principal directing her to attend the fall enrichment program. Howell refused to attend and, for this reason, the principal recommended Howell's termination to the superintendent's office on October 3, 1979.
On October 26, 1979 Howell received notice that the Division of Personnel had received a recommendation from the principal to cancel Howell's employment contract. This letter notified Howell that the Central Appeals Committee, as constituted in the revised Continuous Improvement and Evaluation *Page 1043 
Plan for Teaching Personnel (a procedural safeguard set up in Mobile County to allow teachers to contest performance evaluations such as the one made of Howell) would meet to consider the recommendation.
The Central Appeals Committee met on November 5, 1979 and voted to uphold the principal's recommendation to terminate Howell's teaching contract based on insubordination in that she refused to attend the fall enrichment program. Howell was present at this hearing.
On November 8, 1979 the Superintendent of Education of Mobile County upheld the recommendation of the principal and the Central Appeals Committee.
On January 16, 1980 Howell received notice from the School Board that a hearing would be held to consider the cancellation of her contract. On February 13, 1980 said hearing was held. At that time much testimony was taken including Howell's. Howell's testimony included the following:
 Q. When you received notification in the time period that Dr. Gilliard is talking about on August 27th asking you to go for further enrichment in the fall, did you file a grievance then?
A. No, I did not.
 Q. When this letter came to you asking that you go to enrichment in the fall, what, if anything, did you do?
A. I didn't go.
 Q. All right. And when the letter came to you from Dr. Martin saying that you had not gone to the fall enrichment and you were recommended for termination, did you get a copy of that letter?
A. Yes.
 Q. And that was October 3, 1979. Mrs. Howell, no one doubts the fact that you are an extremely articulate person. No one doubts the fact of the unpleasantness of this hearing. But what gave you the thought that you could disregard your superior's order to attend a fall enrichment program when you were being fully paid and you signed a contract as marked in exhibit saying that you would go into in-service activities upon assignment. What made you feel that you didn't have to abide by that order?
 A. At the beginning, I'll go back to the summer, after having tried to follow the grievance procedure, I felt that that should have held true for the fall also, and I had no — I didn't think that I was being insubordinate and I — because I had reasons to question the validity of the principal's recommendation based on her incompetency —
 Q. All right. You felt all along, correct me if I'm wrong, that your principal was incompetent, is that correct?
A. It was obvious.
The School Board thereafter voted to cancel Howell's contract.
The determinative issue before this court is whether the decision of the circuit court to affirm the Tenure Commission's decision was supported by the evidence. We find that it was and affirm.
Section 16-24-8, Code 1975, provides the grounds for cancellation of tenured teacher contracts and is as follows:
 Cancellation of an employment contract with a teacher on continuing service status may be made for incompetency, insubordination, neglect of duty, immorality, justifiable decrease in the number of teaching positions or other good and just cause, but cancellation may not be made for political or personal reasons. [Emphasis added.]
This court dealt with the meaning of insubordination inEllenburg v. Hartselle City Board of Education, Ala.Civ.App.,349 So.2d 605 (1977) when we stated:
 "Insubordination imports wilfull [sic] disregard of express or implied directions or such a defiant attitude as to be the equivalent thereto." 21A Words and Phrases, Insubordination 554. [Footnote 2]
See also Heath v. Alabama State Tenure Commission, Ala.Civ.App., 401 So.2d 68 (1981).
We note that the rule of review in teacher tenure cases is a determination of *Page 1044 
whether there was sufficient evidence to support the Tenure Commission's decision in terminating a tenured teacher's contract. A decision of the Tenure Commission which is supported by sufficient evidence will not be reversed on appeal unless it is against the preponderance of the evidence and overwhelming weight of the evidence. Sumter County Board ofEducation v. Alabama State Tenure Commission, Ala.,352 So.2d 1137 (1977); Wright v. Marsh, Ala.Civ.App., 378 So.2d 739,cert. denied, Ala., 378 So.2d 742 (1979).
We have reviewed the evidence in this case and have concluded that there was sufficient evidence to support the Tenure Commission and the circuit court in the respective decisions rendered.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.