This is a teacher tenure case.
On February 20, 1980 the Board of School Commissioners of Mobile County notified Stanley Jones, a tenured teacher, that his teaching contract was to be terminated for insubordination. The Board held a hearing on April 24, 1980 and unanimously agreed to terminate Jones's contract.
The facts of this case have been disputed but arise out of several events. Stanley Jones was employed as a guidance counselor at St. Elmo Middle School. He had been employed as a teacher in Mobile County for five years.
The major dispute in this case arises out of Jones's failure to perform an assigned duty in October 1979. This duty involved supervising children on one section of the campus before school opened in the morning. William Bracy, the school principal, testified that these duty assignments were rotated among all of the teachers. Jones, however, felt that guidance counselors were excluded from these duties. On October 15, 1979 Bracy formally reprimanded Jones for Jones's failure to perform his duty assignment. Jones filed a grievance with the Central Appeals Committee concerning this reprimand. Jones won this grievance because of a procedural error.
The evidence further indicates that a conflict existed between Jones and the assistant principal, Oscar Stevenson. Stevenson testified that Jones refused to obey directions. Stevenson related several incidents occurring between him and Jones. One of these incidents related to Jones raising his voice to a parent. Other incidents occurred when Stevenson ordered students to class, and Jones detained these students to talk. There were also incidents where Jones used profanity while talking to Stevenson, and also incidents where Jones had stuck his finger in Stevenson's face.
Jones contested many of the incidents related by Stevenson. Jones claimed that it was Stevenson who had caused these altercations. Jones also presented testimony *Page 147 
that he had never wilfully failed to obey a directive. He stated that he had talked to Bracy and felt that Bracy had relieved him of his duty assignment.
Another reason given for Jones's dismissal was his failure to attend a meeting with Bracy, Stevenson, and the area supervisor. Jones testified that he did not go due to the fact that he was not allowed the right to have counsel present or to call witnesses. Jones later refused to attend another meeting with three area supervisors.
Jones appealed his contract cancellation to the Alabama State Tenure Commission. The Commission affirmed the action of the Board. Jones appealed to the Circuit Court of Mobile County. The circuit court affirmed the judgment of the Tenure Commission. As a result, Jones has appealed to this court.
Jones has raised three major issues for our consideration. First he contends that the evidence was not sufficient to warrant dismissal on the grounds of insubordination. Second he argues that his right to due process was violated because of a hearing held before what is known as the Central Appeals Committee. This committee held a hearing and recommended to the superintendent that Jones's contract be cancelled. Jones argues that the Board wrongfully relied on this preliminary proceeding. Finally, Jones contends that the action by the Board has violated his constitutional rights to free speech and the right to petition the government for redress of grievances.
Our scope of review is extremely limited in teacher tenure cases. The Tenure Commission will not be reversed on appeal unless its judgment is against the preponderance of the evidence and the overwhelming weight of the evidence. SumterCounty Board of Education v. Alabama State Tenure Commission,352 So.2d 1137 (Ala. 1977).
In reviewing the record we find sufficient evidence to support the Commission. Jones admitted that he had refused to perform his scheduled duty in October. There is also other evidence in the record to support a finding that Jones had at other times refused to perform duties assigned by the assistant principal.
Jones, however, argues that none of these acts were sufficient to warrant dismissal on the grounds of insubordination. Insubordination has been defined by our courts as the wilful refusal of a teacher to obey an order of a superior officer so long as that order is reasonably related to the duties of the teacher. Heath v. Alabama State TenureCommission, 401 So.2d 68 (Ala.Civ.App. 1981); Howell v. AlabamaState Tenure Commission, 402 So.2d 1041 (Ala.Civ.App. 1981). In examining the evidence, we find testimony relating to several events wherein Jones refused to obey directives given him by the assistant principal. In Heath, supra, we upheld the cancellation of a teacher's contract on the grounds of insubordination when the teacher had failed to obey an order given by the assistant principal. In the present case, considering our limited scope of review, we can find sufficient evidence to support a finding of insubordination on the part of Jones for his failure to obey several orders given by the assistant principal.
Jones has also raised several questions concerning the procedure followed by the Board in cancelling his contract. He claims that the notice of cancellation he received was defective because it stated that he would have to show why his contract should not be terminated. Jones claims that this notice wrongfully placed the burden of proof on him. We, however, cannot find that the notice was so defective as to warrant reversal.
Code 1975, § 16-24-9 provides that notice of a proposed cancellation be given the teacher. The notice must state in detail the reasons for the proposed cancellation and must give the teacher an opportunity to appear before the Board. All of these requirements were met in the present case. Jones had a full hearing before the Board. Although the notice of contract cancellation possibly misplaces the burden of proof, the statutory duty placed on the Board of Education to prove the charges it has made *Page 148 
against a teacher cannot be changed absent pertinent legislation. No reversible error here.
Jones also argues that the Board wrongfully relied on proceedings by the Central Appeals Committee. This committee was set up by the Board to resolve conflicts between the teacher and principal prior to a recommendation by the superintendent that the contract be cancelled. Any recommendations proposed by this committee are submitted to the superintendent. The superintendent is not bound by the committee's recommendations; he may agree or disagree with those recommendations. The authority to recommend dismissal to the Board of Education rests with the superintendent, not the Central Appeals Committee. See Code 1975, § 16-9-23.
In the present case the committee recommended to the superintendent that Jones's contract be cancelled. The superintendent agreed with this recommendation and thus asked the Board to cancel Jones's contract. The Board, in full compliance with Code 1975, § 16-24-9, notified Jones that his contract would be cancelled, and set out the reasons for such cancellation. The Board also fully complied with § 16-24-9 by giving Jones a hearing. At the hearing the Board's attorney fully explained to the Board that no weight could be given to the proceedings by the committee, and that they were limited to the evidence presented at such hearing. The Board then held a full evidentiary hearing, and at the end of the hearing voted to cancel Jones's contract. Clearly, the committee has no statutory authority and thus can only make recommendations to the superintendent. This they did. The superintendent is at liberty to accept or reject such recommendations. In the instant case he agreed with the recommendation. Based on these events, we cannot find that there has been a violation of Jones's rights.
By the above we should not necessarily be understood as approving or disapproving the Central Appeals Committee's creation or function; only that in this instance their action does not create any reversible error.
Finally Jones contends that his dismissal violated his constitutional rights. He claims that his contract was terminated simply because he had properly filed a grievance against his principal. However, the record indicates that Jones's contract was cancelled for insubordination and not because he had filed a grievance. There is sufficient evidence in the record to support his dismissal. We can find no violation of his constitutional rights.
Having found no error, the judgment is affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.