Petitions for the writ of mandamus, prohibition, or other appropriate writ have been filed in this court by the State Health Planning and Development Agency (SHPDA) and its members, and St. Vincent's Hospital, seeking relief from a denial of requests for a dismissal of an appeal by the Shelby County Hospital Board d/b/a Shelby Medical Center, or alternatively, a change of venue.
On November 5, 1981 Shelby Medical Center filed an application for a certificate of need for a one hundred bed satellite hospital in the Riverchase area of Shelby County, Alabama. A public hearing was *Page 1240 
set by SHPDA on this application for March 16, 1982 along with four other applicants for certificates of need (CON) for the same type facility. By agreement of the parties a public hearing on the five applications was continued to April 20, 1982. By court order these five applications were again continued for public hearing on June 22, 1982. All applications for CON for hospital facilities in the Riverchase area were denied by the SHPDA Board on June 16, 1982.
On December 16, 1981 the applications of St. Vincent's Hospital for certificates of need to build an Urgent Care Center and an Ambulatory Surgery Center were deemed complete by SHPDA. The application which proposed the Urgent Care Center was presented to the SHPDA Board at its regular meeting on March 16, 1982. Notice of the hearing of this application was sent to all interested parties as required. See § 22-21-275
(5), Code 1975. After the hearing the SHPDA Board voted to approve the application and directed the issuance of a CON to St. Vincent's allowing it to proceed with the construction of an Urgent Care Center in the Riverchase area.
On April 14, 1982, pursuant to § 22-21-275 (12), Code 1975, respondent Shelby Medical Center (SMC) requested reconsideration of the March 16, 1982 ruling of the SHPDA Board on St. Vincent's application. SMC alleged that it had not received notice of St. Vincent's application and wanted to be heard in opposition to the project.
The reconsideration request was granted and SMC appeared at the April 20, 1982 meeting of the SHPDA Board. The SHPDA Board again voted to approve the Urgent Care Center application. On May 19, 1982 respondent SMC commenced its action in the Circuit Court of Shelby County challenging SHPDA's grant of the CON.
On June 3, 1982 St. Vincent's and, on June 22, 1982 SHPDA and its members, filed a motion to dismiss or, alternatively, a motion for change of venue.
St. Vincent's application proposing an Ambulatory Surgery Center in the Riverchase area was presented to the SHPDA Board on May 18, 1982 and it was approved by the Board on that same day. On June 18, 1982 respondent SMC commenced its action in the Circuit Court of Shelby County challenging SHPDA's grant of the CON.
On June 22, 1982 SHPDA and its members and, on July 9, 1982 St. Vincent's, filed a motion to dismiss or, alternatively, for a change of venue.
The circuit court denied the motions of SHPDA and St. Vincent's in both cases on January 4, 1983. Petitioners SHPDA and its Board members aver that the trial court was manifestly in error by refusing to perform its imperative duty to grant petitioners' clear legal right to have respondent SMC's action either dismissed or transferred to the Circuit Court of Montgomery County.
The essence of SMC's argument is that SHPDA should have deemed SMC's application for a CON to build a one hundred bed satellite facility to be a competing application with St. Vincent's applications for CONS to build the Urgent Care Center and the Ambulatory Surgical Center.
SHPDA contends that it did not deem these applications to be competing because the applications were for different types of facilities. The facilities proposed to be built by St. Vincent's, the Ambulatory Surgical Center, and the Urgent Care Center, do not provide any acute care in-patient hospital beds whereas SMC's facility for a one hundred bed satellite hospital does provide beds for acute in-patient care.
SMC also contends that SHPDA failed to follow its own regulations and statutory scheme by conducting the independent review of St. Vincent's applications. SHPDA is required by law to administer the certificate of need program in a manner consistent with the State Health Plan (SHP). SHPDA contends that the SHP does not even address those kinds of facilities requested by St. Vincent's, thus, their construction could not possibly be inconsistent with the SHP. Furthermore, in review of St. Vincent's application, the SHPDA *Page 1241 
Board found that all other criteria were met. See § 22-21-24, 266, Code 1975.
SMC further contends that they have a statutory right to appeal in the circuit court of the county where the applicant
resides. See § 22-21-275 (14), Code 1975. This statutory provision, however, requires an adverse decision in order for an appeal to lie. Respondent SMC can show no decision adverse to it from which to appeal. It is true that plaintiff's application for a CON for a one hundred bed in-patient hospital was denied on June 16, 1982, along with those of five other applicants, but at the April 20 and May 18 meetings of the SHPDA Board, which are the subject of this suit, SMC was denied nothing. In fact, the only rulings were favorable rulings on St. Vincent's applications. SMC had not applied for a CON for an Urgent Care Center and Ambulatory Surgical Center, so it could not be classified as a competing applicant in this situation. See Lifemark Corp. v. Guissinger, 416 So.2d 1279
(La. 1982).
In § 22-21-260 (11), Code 1975, there is a broad definition of "applicant" as being any person who files an application for a CON, but there is no statutory definition of a competingapplicant. The only reference to competing applications is by implication in § 22-21-264 (5), Code 1975. SHPDA contends that it has interpreted § 22-21-264 (5), Code 1975, to require that a determination be made regarding the most appropriate applicant when there are at least two applicants proposing to build similar facilities in the same health service area competing for limited resources in the SHP. SHPDA further contends that because the facility proposed by SMC was entirely different, i.e. a one hundred bed in-patient hospital, and, therefore, not a duplicative application from those proposed by St. Vincent's, it was unnecessary to make a determination as to which applicant was the most appropriate applicant for providing the proposed health care facility, i.e. the Urgent Care Center and the Ambulatory Surgical Center. In other words SMC did not want to build the same type facility that St. Vincent's wanted to build.
For the above reasons SMC cannot be an "applicant" nor a "competing applicant" in these cases at hand. Since SMC is not an "applicant" within the meaning of section 22-21-264 (5), Code 1975, no ruling adverse to an "applicant" was made by SHPDA, and SMC has no standing to appeal under section22-21-275 (4), Code 1975.
There being no appeal by statute, the only remedy available to SMC would be by common law writ of certiorari. Phelps v.Public Service Commission, 46 Ala. App. 13, 237 So.2d 499
(Ala.Civ.App. 1970). The proper forum for a review of SMC's writ of certiorari would be the Circuit Court of Montgomery County, which is the principal place of business and the official residence of SHPDA and its officials. Alabama YouthServices Board v. Ellis, 350 So.2d 405 (Ala. 1977); Kelley v.Lingo, 280 Ala. 128, 190 So.2d 683 (1966). SMC's petition for writ of certiorari should be transferred to the Circuit Court of Montgomery County.
The petitions for the writ of mandamus filed by SHPDA and St. Vincent's requesting that the Honorable Harold E. Walden be directed to set aside his order denying their motions to dismiss the appeal filed by SMC are granted. The Honorable Harold E. Walden is further directed to order the petition for the writ of certiorari filed by SMC in the Circuit Court of Shelby County to be transferred to the Circuit Court of Montgomery County for further proceedings.
WRITS GRANTED.
WRIGHT, P.J., and HOLMES, J., concur. *Page 1242