On May 23, 1989 Susan Fuqua was an employee of the City of Ozark, Alabama. She was the municipal court clerk/magistrate. On May 24, 1989 she was notified in writing by her supervisor, the Chief of Police of the City of Ozark, that effective that date her employment with the City was terminated for "acts of insubordination."
Subsequently, Ms. Fuqua appealed her dismissal to the Ozark City Council. A grievance committee, as authorized by City personnel rules and regulations, was appointed to hear Ms. Fuqua's grievance. After a hearing at which evidence was received, the grievance committee decided that "insubordination as grounds for termination was not justified," and that termination was too severe a penalty. The grievance committee report was rejected by the City Council, which upheld her dismissal by a majority vote.
Ms. Fuqua filed a petition for the writ of certiorari in the Circuit Court of Dale County, Alabama to have her dismissal reviewed. The writ was granted and, after a bearing, the trial court upheld the City Council's termination of Ms. Fuqua's employment. Ms. Fuqua appeals.
The facts reveal that sometime prior to May 17, 1989 Ms. Fuqua requested that the City of Ozark pay her registration fee and expenses to attend a seminar for municipal court clerks/magistrates sponsored by the Administrative Office of Courts in Montgomery, Alabama. This request was denied by the Chief of Police of the City of Ozark. Upon learning of the Chief's refusal to approve her request, Ms. Fuqua, in the absence of the Chief, spoke some very harsh, disapproving words about the Chief and his refusal to approve her request. Upon returning to Ozark and learning of Ms. Fuqua's criticism of him, the Chief notified Ms. Fuqua in writing of her dismissal *Page 356 
as a City employee. He stated that she was being discharged for acts of insubordination to him and conduct unbecoming an employee of the police department.
The evidence further shows that the disciplining of employees of the City of Ozark is governed by Personnel Rules and Regulations promulgated pursuant to an ordinance of the City of Ozark.
Part IX, § 2(b) contains the grounds for terminating an employee. They are as follows:
"(b) Grounds for Action
 "The following are declared to be grounds for reprimanding, suspending, demoting or removing any permanent employee.
 "(1) Conviction of a felony or other crime involving moral turpitude.
"(2) Acts of incompetency.
"(3) Absence without leave.
"(4) Acts of insubordination.
 "(5) Intentional failure or refusal to carry out instructions.
 "(6) Misappropriation, destruction, theft, or conversion of public property.
 "(7) Employee subsequently becomes physically or mentally unfit for the performance of his duties.
"(8) Willful disregard of orders.
"(9) Habitual tardiness and/or absenteeism.
 "(10) Falsification of any information required by the local government.
 "(11) Failure to properly report accidents or personal injuries.
 "(12) Neglect or carelessness resulting in damage to public property, equipment, or injury to another human being.
 "(13) Repeated convictions during employment of misdemeanor and/or traffic charges which affect employee ability to perform his job.
 "(14) Introduction, possession, or use on government property or in government equipment of intoxicating liquors, or controlled substances, or proceeding to or from work under the influence of liquor or controlled substances.
"(15) Gambling on City Property.
 "(16) Horseplay, fighting or deliberately injuring another employee."
Part IX, § 3(d) provides as follows: "A department head may dismiss an employee for cause as defined in Section 2(b)."
In her brief here Ms. Fuqua contends that "conduct unbecoming an employee" is not one of the grounds the violation of which can result in disciplinary action and that she is not guilty of "insubordination." She says that "insubordination" as defined by our State courts is the willful refusal of an employee to obey an order of a supervisor so long as that order is reasonably related to the duties of the employee, and she cites us to the cases of Heath v. Alabama State Tenure Comm'n401 So.2d 68 (Ala.Civ.App. 1981), and Howell v. Alabama StateTenure Comm'n, 402 So.2d 1041 (Ala.Civ.App. 1981).
The City of Ozark replies that Ms. Fuqua was guilty of insubordination due to the defiant attitude verbally expressed by her in disagreeing with the Chief's refusal to approve her expense paid trip to the Montgomery seminar.
Due to the absence of statutory review authority of personnel decisions by the City of Ozark, Ms. Fuqua had only the common-law writ of certiorari available for review of her dismissal by the City of Ozark. Phelps v. Public ServiceComm'n, 46 Ala. App. 13, 237 So.2d 499 (Ala.Civ.App. 1970). She sought review of her dismissal by filing a petition for the writ of certiorari in the Circuit Court of Dale County. The circuit court granted the writ and, after a hearing, upheld Ms. Fuqua's dismissal by the Ozark City Council. Ms. Fuqua appealed that decision to this court. See, Thompson v. Alabama Dept. ofMental Health, 477 So.2d 427 (Ala.Civ.App. 1985).
The review standard here, as it was in the circuit court, is whether there has been an improper application of the law by the Ozark City Council and whether the Council's decision is supported by any legal evidence. Ex parte Smith, 394 So.2d 45
(Ala.Civ.App. 1981). *Page 357 
As noted above, the Chief of Police's letter of dismissal to Ms. Fuqua contained two charges: (1) "acts of insubordination toward me, the Chief of Police," and (2) "your public display of conduct unbecoming an employee of this department."
In her brief here, Ms. Fuqua contends that the Personnel Rules and Regulations of the City of Ozark contain no charge styled "conduct unbecoming an employee of this department"; thus, she says she cannot be dismissed from her employment on such a charge. She is correct.
The City of Ozark Personnel Rules and Regulations contain no ground for disciplining an employee styled "conduct unbecoming an employee of this department." Moreover, it is provided in the Personnel Rules and Regulations that an employee may be "dismissed for cause only as defined in Section 2(b)" of the rules. See Part IX, § 3(d), Personnel Rules and Regulations, City of Ozark, Alabama. As stated, § 2(b) contains no ground for disciplining an employee styled "conduct unbecoming an employee of the department." Consequently, Ms. Fuqua's dismissal cannot be based on such a charge.
The other ground for the Chief's dismissal of Ms. Fuqua is that her words constitute insubordination. "Insubordination" is a valid ground for the disciplining of the City's employees listed in the Personnel Rules and Regulations. See Part IX, § 2(b)(4).
Ms. Fuqua says that she was not insubordinate, because she did not refuse to carry out an order of her superior, the Chief of Police.
The facts reveal that the Chief of Police refused to approve Ms. Fuqua's request to attend a job-related seminar in Montgomery. Ms. Fuqua did colorfully, to put it mildly, disagree with the Chief's refusal of her request, but there is no evidence that she refused or failed to abide by the Chief's decision.
Insubordination has been defined "as the refusal to obey some order which a superior officer is entitled to give and entitled to have obeyed so long as such order is reasonably related to the duties of the employee." Heath v. Alabama State TenureComm'n, 401 So.2d 68, 70 (Ala.Civ.App. 1981).
In Ellenburg v. Hartselle City Board of Education,349 So.2d 605 (Ala.Civ.App. 1977), and in Howell v. Alabama State TenureComm'n, 402 So.2d 1041 (Ala.Civ.App. 1981), we said that insubordination means a willful refusal to obey the orders of a superior or the display of such a defiant attitude as to be the equivalent of such refusal. However, in both cases the employee had refused to obey the directives of a superior.
In the present case Ms. Fuqua did express a strong disagreement with the Chief of Police's decision, but she never refused or failed to comply with that decision. In this posture of the case, we cannot say that Ms. Fuqua's criticism of the Chief's decision amounted to a refusal to comply with that decision.
Ms. Fuqua's criticism also cannot be characterized as the "display of such a defiant attitude" as to amount to a refusal to obey an order. Indeed, it would appear that Ms. Fuqua's criticism resulted from the frustration of knowing that she would, and must, obey the Chief's decision. Consequently, there is no evidence of insubordination by Ms. Fuqua. There being no insubordination, the judgments of the circuit court and the Ozark City Council are erroneous.
The judgment of the circuit court is reversed and the cause is remanded for entry of judgment reversing the decision of the Ozark City Council.
The foregoing opinion was prepared by Retired Appellate Judge ROBERT P. BRADLEY while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED WITH DIRECTIONS.
All the Judges concur. *Page 358