This is an appeal from the Circuit Court of Baldwin County's issuance of a writ of certiorari staying an order of the Alabama Environmental Management Commission (AEMC). That order, dated March 28, 1990, permitted Shell Offshore, Inc. (appellant), to operate a drilling operation pursuant to a permit granted by the Alabama Department of Environmental Management (ADEM). *Page 699 
An appeal challenging the issuance of the permit by ADEM is currently pending before AEMC. That appeal was filed by the Baldwin County Commission (appellee), which also sought the issuance of a stay by AEMC pending a final determination on the merits. After hearing testimony from ten witnesses, the AEMC denied the application for a stay.
The appellee then filed a petition for writ of certiorari in the Circuit Court of Baldwin County, seeking to have AEMC's denial of the stay overturned. In response, the appellant sought a writ of prohibition from this court barring the circuit court from assuming jurisdiction over the matter. That petition was denied on April 5, 1990.
Subsequently, on April 6, 1990, the appellee's petition for writ of certiorari was granted by the circuit court, thus staying any discharge operation by the appellant. This appeal followed. We affirm.
The permit issued by ADEM permits the appellant to discharge drilling fluids as part of its operation of a well located within state coastal waters. The original permit was issued in 1987 after submission by the appellant of voluminous reports addressing the impact of discharging fluids upon the marine environment.
An appeal was filed by the Baldwin County Commission on April 30, 1987, from the issuance of the initial permit. Following an ore tenus hearing, a recommendation was made to AEMC that ADEM's issuance of the permit be approved based on a determination that the proposed discharge would have no detrimental impact on the environment. This recommendation was rejected by AEMC, but following the filing of a motion for reconsideration, the permit was ultimately approved.
The appellant then filed an application to extend the coverage of this permit to include the operation of a second well. After reviewing this application, ADEM issued the permit on January 31, 1990. It is this second permit that is the subject of the pending appeal.
The dispositive issue is whether the trial court erred in issuing a writ of certiorari reversing AEMC's denial of a stay, thus prohibiting the appellant from conducting any drilling discharge operation pending the outcome of an appeal to AEMC on the merits of ADEM's grant of the permit to Shell.
Initially, we note that this court, as well as the circuit court, is limited in its review of quasijudicial acts of administrative agencies such as the AEMC. Sanders v.Broadwater, 402 So.2d 1035 (Ala.Civ.App. 1981). Our limited function is to determine whether the decision of AEMC to deny the appellee's request for a stay "was supported by any substantial evidence, or whether the findings and conclusions are contrary to the uncontradicted evidence, or whether there was an improper application of the findings viewed in a legal sense." Id. at 1036.
The decision of AEMC denying the stay must be affirmed unless it is shown that it acted in an arbitrary or capricious manner or failed to comply with the applicable law. Save Our Dunes v.Alabama Dept. of Environmental Management, 473 So.2d 521
(Ala.Civ.App. 1985). To reverse AEMC's decision without first demonstrating that it is clearly unreasonable or arbitrary would frustrate legislative intent and usurp that agency's authority. Ex parte Personnel Board, 440 So.2d 1106
(Ala.Civ.App. 1983).
Moreover, a presumption of correctness attaches to a decision of an administrative agency due to its recognized expertise in a specific, specialized area. Dawson v. Alabama Dept. ofEnvironmental Management, 529 So.2d 1012 (Ala.Civ.App.), writdenied, 529 So.2d 1015 (Ala. 1988).
In order for the circuit court to have properly issued a stay, the appellee must have demonstrated that it possessed an unmistakable right to such relief. A stay will not be granted merely to allay an apprehension of injury; rather, the injury must be both imminent and irreparable. Howell Pipeline Co. v.Terra Resources, Inc., 454 So.2d 1353 (Ala. 1984). Consequently, the appellee was required to demonstrate that there existed a threat of irreparable harm which could be avoided only by the issuance of a stay. Id. *Page 700 
The appellant contends that the appellee failed to do this. We disagree. The record reflects that AEMC's decision is not supported by substantial evidence and, therefore, is unreasonable.
Testimony was adduced before AEMC that the proposed site of the discharge was in an area of biological concern due to the fact that sensitive biological communities are located in close proximity to the well. For example Dr. Robert Shipp, a marine biologist, testified that the discharge area is of particular biological concern. Moreover, Larry Goldman, a representative of the Fish and Wildlife Service, supported that conclusion and further testified that insufficient information existed to allow a reasonable determination of whether adverse environmental effects would result if drilling were permitted.
Dr. Pertrazuollo, an expert for the Environmental Protection Agency, testified that the permit allowed the discharge of material whose toxicity level exceeded that permitted by Alabama water quality standards. Those standards were promulgated by ADEM to prevent the degradation of the State's waters. In our opinion, for ADEM to issue a permit which would effectively frustrate the purpose of those standards is clearly unreasonable.
Because the appellee demonstrated that an irreparable harm would result from the operation of this well pursuant to the permit during the pendency of the appeal to AEMC, we find that the trial court did not err in granting the writ of certiorari. Clearly, the agency's decision was unreasonable because there was not substantial evidence to support its conclusion that no threat of environmental harm existed.
Therefore, we affirm the decision of the circuit court.
AFFIRMED.
INGRAM, P.J., and ROBERTSON, J., concur.