THIGPEN, Judge.
This appeal challenges the denial of a writ of certiorari relating to the termination of employment of a police officer.
*294 In October 1990, the recommendation of the Police Committee of the Town of Slo-comb (Committee) to the Town Council of the Town of Slocomb (Town Council) to immediately terminate the employment of Officer James W. Tew with the Slocomb Police Department was approved. Tew filed a petition for a writ of certiorari in the circuit court to review that action. The trial court denied the writ and Tew’s subsequent post-judgment motion. Hence, this appeal.
Tew sought a common-law writ of certiorari to review his dismissal due to the absence of statutory review authority of personnel decisions by the Town Council, relying on Phelps v. Public Service Commission, 46 Ala.App. 13, 237 So.2d 499 (Ala.Civ.App.1970). The function of a reviewing court on certiorari is extremely limited. That function is restricted to whether there was any legal evidence to support the findings of the Committee. Phelps, supra.
The record reveals that Tew was assisting another officer in investigating a routine traffic violation when both officers and the driver of the vehicle being investigated heard tires screeching and observed another vehicle speeding towards them. Tew asserts that he attempted to stop the speeding vehicle by motioning and yelling for the driver to pull over. The driver of the halted car, who witnessed the incident, testified that the driver of the speeding vehicle could have heard Tew’s calls. The testimony indicated that the speeding vehicle initially slowed down, then suddenly accelerated, and swerved towards Tew, causing him to escape its path by jumping into a ditch. The witness testified that the warning lights were activated on both police cars, and that it was her impression that when the driver of the speeding vehicle saw the police, he fled from the area. As the speeding vehicle was fleeing, Tew drew his firearm and fired it four times toward a rear tire in an attempt to disable the vehicle. The two officers eventually stopped the vehicle by means of a “rolling road block” and arrested the driver. The driver was charged with driving under the influence, reckless endangerment, fleeing and attempting to elude, and reckless driving. Shortly thereafter, Tew wrote a report detailing the incident. Ultimately, Tew was charged with violating the policy regarding the discharge of his firearm. Tew contends that the discharge of his firearm was necessary and proper under the circumstances. The Chief of Police (Chief), however, testified that, in his opinion, the circumstances were not proper to discharge a firearm.
Tew testified that at the time of the incident, he believed that the driver attempted to strike Tew. The second officer and the witness testified that the car swerved toward Tew, but that they were uncertain whether the driver was actually attempting to strike Tew. There was evidence presented that since the driver was apprehended, discharging the weapon was unnecessary and that Tew could have requested assistance via his police radio. Additionally, the record reveals that Tew is an excellent marksman, and that there were no residences or traffic in the area at the time of the incident. It is incumbent on the trial court to resolve conflicting testimony and we must affirm if any evidence supports the trial court’s findings. Hover v. Whittaker-Warren Agency, 56 Ala.App. 255, 321 So.2d 213 (Ala.Civ.App.1975). Further, the trial court should uphold the decision of the Committee and Town Council to terminate Tew’s employment “unless its findings and conclusions are contrary to the uncontradictory evidence or it has improperly applied those findings viewed in a legal sense.” Thompson v. Alabama Department of Mental Health, 477 So.2d 427, 429 (Ala.Civ.App.1985).
In Williams v. City of Dothan Personnel Board, 579 So.2d 1350 (Ala.Civ.App.1990), this court held that the decision to suspend a police lieutenant and reduce his rank due to his violation of policy regarding the use of his weapon while in pursuit of a suspect was supported by the evidence. There, the lieutenant apprehended the suspect after striking him with a pistol. Although the lieutenant did present some evidence that he was warranted in drawing *295 his weapon while in the pursuit of the suspect, this evidence was refuted by other evidence that he had violated departmental procedures in doing so. Other members of the police force testified that the use of a weapon was not necessary under the circumstances.
Obviously, due to the inherent dangers associated with the use of firearms, officers are justified in only very limited circumstances of drawing and using their weapons. The evidence in this case showed that when Tew fired his weapon, he was not in danger and that the driver was apprehended shortly thereafter. The evidence conflicted whether the driver was attempting to assault Tew. Although termination of Tew’s employment appears to be severe under these facts, the record reveals that Tew has had previous disciplinary actions, was police academy-trained, and knew, or should have known, that discharging his firearm at a fleeing vehicle was improper in those circumstances.
The decision that the use of Tew’s weapon was improper in this instance is supported by legal evidence, and the trial court’s judgment to uphold that decision is without error. Accordingly, this case is due to be, and it is hereby, affirmed.
AFFIRMED.
ROBERTSON, P.J., and RUSSELL, J., concur.