HOOPER, Chief Justice.
Carl Brock and Dale Richards sued the Alabama Alcohole Beverage Control Board (“ABC Board”) and its administrator, Hen- *674 don B. DeBray,[1] claiming that they had been “demoted” from their jobs in violation of Ala.Code 1975, § 36-26-32.1(b). Brock and Richards had been promoted to probationary positions with the ABC Board when Greely Wells left his position with the ABC Board as the assistant director of enforcement for north Alabama (“ADENA”). Brock took Wells’s former position, and Richards took Brock’s former position. When Wells returned to his position, DeBray returned Brock and Richards to the positions they had held before the departure of Wells.
Brock and Richards brought this action, seeking a declaratory judgment and monetary damages based on what they alleged to be an improper demotion. They claim that § 36-26-32.1(b) protects them from being demoted. DeBray and the ABC Board agree that Brock and Richards would be protected under § 36-26-32.1(b) if they were regular employees. Brock and Richards were probationary employees. DeBray and the ABC Board contend that because Brock and Richards were probationary employees, under Ala.Code 1975, § 36-26-21, they are not protected by § 36-26-32.1.
The trial court agreed with the defendants and granted their motion to dismiss the complaint. That court said:
“The Court holds that at the time of the action complained of by Richards and Brock they were probationary employees and therefore had no property interest in their positions. The Court further holds that there is no private cause of action based on a violation of ... § 36-26-32.1(b) and based on a violation of Alabama Alcoholic Beverage Control Board Personnel Rules 670-X-9.03.”
C.R. 19.
Brock and Richards raise two issues on appeal: (1) Whether there is a private cause of action for an improper demotion under Ala.Code 1975, § 36 — 26—32.1(b); and, if so, then (2) whether Brock and Richards, as “working test” (probationary) employees, could be demoted simply because Wells returned to his former job.
I. Facts and Prior Proceedings
Brock and Richards are employees of the ABC Board. On February 5, 1993, Brock was promoted to the position of ADENA from his former position of supervisor of the ABC Board’s Huntsville district, District 4 (“SHD4”). On April 1, 1993 Richards was promoted to SHD4. Both promotions were temporary, pursuant to Ala.Code 1975, § 36-26-21, which requires a minimum six-month “working test.” On April 30, 1993, DeBray, the ABC Board’s administrator, agreed to restore a former merit system employee, Greely Wells, to his former position as ADE-NA Therefore, DeBray removed Brock and Richards from their temporary positions and returned them to their former positions.
Brock and Richards did not pursue available administrative remedies, but instead filed this action in the United States District Court for the Middle District of Alabama. The district court sent the action to a state circuit court after the plaintiffs amended their complaint to omit federal claims. The state court then dismissed the entire case, holding: (1) that there was no private cause of action based on a violation of Ala.Code 1975, § 36-26-32.1(b) and (2) that Brock and Richards were probationary employees and therefore had no property interest in their jobs. We affirm the circuit court’s judgment, based on that second holding. Because we conclude that these two employees, as probationary employees, were not protected by § 36-26-32.1(b), we need not determine whether they would have been entitled to a private cause of action.
II. Probationary Employees not Protected
The plaintiffs argue that, even as probationary employees, they had property interests in their positions. Two statutes are relevant to this question: Ala.Code 1975, §§ 36-26-21 and 36-26-32.1(b). Section 36-26-21 requires a six-month minimum working test for “classified service” employees before they become regular employees:
“(a) Every person appointed to a position in the classified service after certification of his name from a promotion list or an employment list shall be tested by a *675 working test while occupying such position. The period of such working test shall commence immediately upon appointment and shall continue for such time, not less than six months, as shall be established by the director....
“(b) At any time during his working test period, the appointing authority may remove an employee if, in the opinion of the appointing authority, the working test indicates that such employee is unable or unwilling to perform his duties satisfactorily or that his habits and dependability do not merit his continuance in the service....”
(Emphasis added.)
The relevant portion of § 36-26-32.1(b) provides that when a former merit system employee returns to his or her former job, the employee replaced cannot be reduced in classification:
“(b) Any person who returns to a former civil service classification under the provisions of subsection (a) of this section shall enjoy all the benefits to which that person would be entitled had that person remained under the merit or civil service system including seniority and pay benefits as though that person had remained in that classification; provided, that the appointed position shall have been an equal or higher position than was the merit or civil service classification. It is further provided, that when a person returns to a former classification no person serving in that classification shall be reduced in classification but reduction if necessary shall be accomplished by attrition.”
(Emphasis added.)
When Wells left his position with the ABC Board, DeBray appointed Brock and Richards to new positions. However, when Wells returned to his former position, DeBray returned Brock and Richards to their former positions. These personnel decisions were purely administrative and did not depend on the employees’ job performance. DeBray’s letter to Brock states:
“Mr. Greely Wells has requested to exercise his entitlement to resume his status in the classified service. Therefore, it will be necessary for you to vacate the position he previously held and resume your former position and class_ This is an administrative action, not disciplinary. Your name shall be restored to the ABC Enforcement District Supervisor register.”
C.R. 5. (Emphasis added.) DeBray’s letter to Richards states:
“Mr. Greely Wells has requested to exercise his entitlement to resume his status in the classified service. This will require that Mr. Carl Brock revert to his former status, the position and class you currently hold. Therefore, it is necessary for you to return to your former position and status.... This is an administrative action, not disciplinary. Your name shall be restored to the ABC Enforcement Agent II register.”
C.R. 10. (Emphasis added.) § 36-26-32.1 allows a former merit or civil service employee to return to his or her former job, and it farther states that “when a person returns to a former classification no person serving in that classification shall be reduced in classification but reduction if necessary shall be accomplished by attrition.” (Emphasis added.)
Plaintiffs were probationary “working test” employees, pursuant to § 36-26-21. Subsection (d) of that Code section provides that “working test” employees can be terminated for certain performance-related reasons during their six-month test period. See also, State Personnel Board Rule 670-X-10-.01. In addition, the United States Court of Appeals for the Eleventh Circuit held in Blanton v. Griel Memorial Psychiatric Hospital, 758 F.2d 1540 (11th Cir.1985) that a probationary employee in the classified service at an Alabama state hospital could be discharged at the will of the employer during the employee’s probationary period, pursuant to § 36-26-21, and thus, did not possess a property right in the employment, and was not entitled to the due process procedural safeguards that accompany a property right in employment.
If a regular classified employee can be removed for administrative reasons, then certainly a probationary employee can be. Section 36-26-26 provides:
*676 “(a) In accordance with the rules, an appointing authority may lay off an employee in the classified service whenever he deems it necessary by reason of shortage of work or funds or the abolition of a position or other material change in duties or organization.”
(Emphasis added.)
In 1970, the Court of Civil Appeals held that the Public Service Commission could lay off classified employees for reasons of economy and efficiency, pursuant to Title 55, § 314, Ala.Code 1940 (now § 36-26-26). Phelps v. Public Service Commission, 46 Ala.App. 13, 237 So.2d 499 (1970). It is well settled that property interests “are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law.” Board of Regents of State Colleges v. Roth, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972); Cleveland Board of Education v. Loudermill, 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985); and see Reeves v. Thigpen, 879 F.Supp. 1153 (M.D.Ala.1995) (state prison corrections officer who was a non-probationary employee who could be terminated only for cause possessed a property right in continued employment and that right was protected by the due process requirements). Therefore, this Court determines whether a property right exists, according to state laws and regulations.
The holding of the Court of Civil Appeals in Phelps is bolstered by many federal cases. In Goudeau v. Independent School District No. 37 of Oklahoma County, Oklahoma, 823 F.2d 1429 (10th Cir.1987), the United States Court of Appeals for the Tenth Circuit held that it was proper for the school district to terminate a tenured employee when the termination was not “for cause” but was due to a lack of enrollment and insufficient funds. In Drake v. Scott, 823 F.2d 239 (8th Cir.1987), the United States Court of Appeals for the Eighth Circuit held that an Arkansas Department of Human Services employee did not have a property interest in his job entitling him to procedural due process with respect to discharge, where an administrative regulation listing causes for termination did not expressly promise that employees would not be fired except for the listed causes. In fact, a Department of Human Services regulation stated that a tenured employee could be terminated for administrative reasons, e.g., “lack of funds or curtailment of work.” See 823 F.2d at 241. In essence, these cases stand for the proposition that even a tenured or permanent employee can be terminated for administrative reasons, even if those reasons are not listed in the statute.
Apparently, the Alabama Legislature has agreed with this reasoning. Section 36-26-27 provides that even a regular classified employee can be terminated for administrative reasons. Reading the various provisions of Title 36, Chapter 26 in pari materia, we must conclude, given that a regular classified employee can be removed for administrative reasons, that certainly a probationary employee can be.
Section 36-26-32.1 applies only to an employee who has completed the working-test period and is actually “serving in [a] classification.” Section 36-26-21 and the ABC Board Rules set out specific procedures to govern the removal of probationary employees. These procedures are controlling. If § 36-26-32.1 is read in pari materia with the rest of Title 36, Chapter 26, Article 1, specifically § 36-26-21, it is clear that § 36-26-32.1(b) is applicable to regular employees who have successfully completed their working-test period. For example, § 36-26-21 is applicable to employees removed while serving during their probationary working-test period. The six-month working-test period is the minimum time an employee must serve in order to be approved for the position. In fact, an employee who has completed the working test period will not be paid for any work performed after the six-month period “unless, prior to the performance of such work, the appointing authority has notified the director that the employee will be continued in his position.” § 36-26-21(c). Clearly, a promotion is not effective until this final notification by the appointing authority that the employee’s services “have been satisfactory and [that] he [the appointing authority] will continue the employee in his position.” § 36-26-21(c). Until that notification is com- *677 píete, the six months of service does not entitle the employee to regular service in the position. The test period is just that — a test period. Out of fairness to the employee, the employee receives the pay that comes with the position during that six months. The receipt of that pay does not vest a property right in that position. It is the final approval by the appointing authority, which occurs concurrently with the notification to the director, that causes the benefits of the position to vest in that employee. Without that final approval, neither pay nor time of service can entitle the employee to the permanent benefits of the position.
The protection of § 36-26-21(b) that Brock and Richards claim deals mainly with disciplinary demotions. Administrative demotions, like those involved in this ease, pose no threat of an adverse record for the employee’s future in the merit system. § 36-26-21(b) protects the working-test employee from being demoted for arbitrary reasons. This section also gives implied endorsement to an administrative demotion by stating that the director may remove an employee during the working-test period if the director finds that the employee was appointed as a result of error. Such a finding does not reflect adversely upon the employee, but, for the sake of the efficiency and economy of the merit system, it requires that the employee be demoted even if the employee has not demonstrated an inability to perform the job.
Section 36-26-21(d) also helps distinguish the working-test employee from the regular employee: “If any such employee [an employee removed from his position during the working-test period] was a regular employee in another position in the classified service immediately prior to his appointment, his name shall be placed on the reemployment list for the class of the position in which he was a regular employee.” Brock and Richards received the full benefit of this subsection because they had been regular employees in their former classifications. Without being regular employees in the new classifications, they could not claim an entitlement to that classification. Without completing their six-month test period, they could not claim the same benefits as regular employees.
Wells’s return to his merit system position created a situation in which a position was double-filled, an uneconomical personnel situation. Wells’s return was not anticipated when Brock and Richards were originally appointed. They had not served the mandatory six-month working-test period. Even if they had, they would not be entitled to remain in their positions. They had no property interest in those positions. In short, as probationary employees, they could not demand to remain in those positions, because the benefits of the positions had not permanently vested. At most, they could, under § 36-26-21(b), demand an opportunity to be heard by the director. They were not permanent employees. Their test periods were uncompleted and their regular employment had not been approved. Their appointments were, in a sense, executory only.
If this Court held as Brock and Richards ask us to, we would create a higher standard for the demotion of a probationary employee than for the demotion of a regular classified employee. Section 36-26-25 states, regarding “demotions:”
“An appointing authority may, upon giving written notice and stating reasons to and with the approval of the director, demote a classified employee under his jurisdiction from a position in one class to a position in a lower class.”
Notice that § 36-26-25 provides no limits as to why a regular classified employee may be demoted. The regular classified employee has procedural due process rights because of the property right enjoyed by that employee. The working-test employee has no such property right. Brock and Richards, two working-test employees, claim a greater right than the regular classified employee has, by asserting a “right” not to be demoted. If the Legislature had provided for Brock and Richards to receive the benefit of § 36-26-32.1, then there would be no effective difference between the probationary employee, who has no property right, and the regular classified (nonprobationary) employee, who has a property right. We conclude that the Legislature did not intend to give *678 Brock and Richards such a right. Therefore, their employment is of the nature of an at-will employment, and DeBray’s decision to demote them denied them nothing to which they were entitled.
Accordingly, the judgment of the trial court is affirmed.
AFFIRMED.
MADDOX, SHORES, and HOUSTON, JJ., concur.
COOK and BUTTS, JJ., concur in the result.

. See Rule 43(b), Ala. R.App. P.