194 So.2d 87

**Sibyl POOL et al.**

v.

**James B. WILLIAMS.**

**3 Div. 250.**

Supreme Court of Alabama.

Jan. 12, 1967.

Richmond M. Flowers, Atty. Gen., and Robt. P. Bradley, Asst. Atty. Gen., for appellants.

Alfred Goldthwaite, Montgomery, for appellee.

COLEMAN, Justice.

The appointing authority and the State Personnel Board appeal from a declaratory decree construing § 316 of Title 55, Code 1940. The circuit court declared that § 316 requires that a merit system employee, who has been suspended by the appointing authority, shall be accorded the right to file with the Board a written answer to the charges filed against him and that the Board has a right to reinstate the employee if the suspension is not justified. The court also declared that § 316 "is constitutional." § 316 recites as follows:

"An appointing authority may, from time to time, peremptorily suspend any employee without pay or other compensation, and without the right of a hearing, as punishment for improper behavior, but such suspension or total suspension by such appointing authority of such person shall not exceed thirty days in any year of service. Such suspension with loss of pay may be effected only by service upon the employee by the appointing authority of written charges setting out clearly the delinquency for which such suspension was made, a copy of which must at the same time be mailed or delivered to the director. The suspended employee shall have the right to file with the board and the appointing authority a written answer or explanation of such charges."

Appellee is an employee of the state under the merit system. The appointing authority notified appellee that he had been suspended for thirty days. The Board conducted a hearing to decide whether appellee had been suspended as required by pertinent rules and decided that appellee had been suspended according to the rules. This decision is not challenged.

Appellee was not granted a hearing on the merits, so to speak, of the reasons for his suspension. His contention is that he is entitled to a hearing before the Board on the merits so that the Board shall decide whether his suspension is justified. The trial court held that appellee's contention is correct. The decree recites: " . . . the board has a right to reinstate such employee if the suspension is not justified." Appellants insist that the decree is in error in declaring that appellee is entitled to a hearing on the reasons for his suspension or to reinstatement if the Board finds the suspension unjustified.

The decree declares that appellee has a right to file with the Board and the appointing authority a written answer to or explanation of the charges filed against him. The statute so provides and the court correctly so declared. As we understand the decree, the trial court concluded that, because § 316 gives a merit system employee the right to file such an answer or explanation with the Board, the Board has a right to reinstate the employee if the suspension is not found to be justified. Appellee says that the provision in the statute allowing suspension without a hearing applies only to the appointing authority and not to the Board, "Otherwise, no purpose whatsoever would be served by hav-

ing the suspended employee file an explanation of his charges to (sic) the Personnel Board."

We do not agree. To make suspension effective, the appointing authority must serve a copy of the charges against the employee on him and must also mail or deliver a copy to the personnel director. By allowing the employee to file an answer, the statute permits him to make a written record which may be referred to in case of further action against the employee and which is open for all the world to see and read and thereby become informed as to whether the appointing authority acted fairly or unfairly in suspending the employee.

Appellee, in his brief, cites no case to support his contention. He does cite Sections 6, 13, 10, and 9 of the Constitution of 1901. We do not think that § 316, if construed to deny a hearing on the merits of the reasons for suspension, violates either of those sections of the Constitution.

§ 316 appears to come unchanged from Section 25 of Act No. 58, 1939 General Acts, page 68. By being an employee of the state, appellee accepts the provisions of law governing his employment. § 316 is one of those provisions. To suspend an employee in conformity with the provisions of law governing his employment does not deprive the employee of right or property without due process of law.

Amendment 88, proclaimed ratified December 19, 1951, Code of Alabama Recompiled 1958, Vol. 1, page 410, provides that all state personnel laws "now in effect," that are not in conflict with Amendment 88, shall continue in effect until they are amended or repealed as provided by law. § 316 has not been repealed or amended since ratification of Amendment 88, and because of that amendment, if for no other reason, § 316 does not violate the constitutional provisions relied on by appellee.

In his brief, appellee says the legislature may not deprive an employee of the right to a hearing without due process by limiting the time of suspension. Appellee says also, however, "When a citizen accepts a position in the classified service . . . . he agrees to comply with the rules and regulations established by the Personnel Board and by the Legislature." This last statement seems to be an answer to appellee's first contention.

§ 316 expressly recites that an appointing authority may, subject to the limitations set out, " . . . . peremptorily suspend any employee . . . . without the right of a hearing . . . ." We find no other mention of a hearing in § 316. If the legislators had intended to give a hearing before the Board to review a suspension, the legislature could easily have done so. In § 315 of Title 55, which relates to dismissals and which, as Section 24 of Act No. 58, immediately preceded the progenitor of § 316 in that act, the legislature set out in considerable detail provisions for a hearing before the Board in a case where the appointing authority should dismiss a classified employee. Because the legislature provided for hearing in case of dismissal but expressly denied the right of a hearing in the case of a suspension, we cannot escape the conclusion that the legislature did not intend to provide for a hearing on the merits of the charges in case of a suspension.

Our conclusion is fortified by an Illinois case wherein the appellate court reviewed the judgment imposed on a policeman in a proceeding under the Administrative Review Act of the State of Illinois in 1955. The Civil Service Commission of the City of Chicago found the policeman guilty of charges made against him and ordered him discharged from his position. The circuit court reviewed the Commission's action and found that the Commission's decision was unwarranted. The circuit court, upon the policeman's agreement to waive all back salary, ordered his immediate reinstatement.

340

The appellate court reversed the trial court and affirmed the decision of the Commission ordering the policeman's discharge. The appellate court decided that the Civil Service Commission did not have the power to suspend and that the circuit court, in reviewing the rulings of the Commission, did not have power, by requiring of the employee agreement to waive back salary, to accomplish the same result as suspension. In opinion, the appellate court said:

" . . . . These proceedings do not involve contests between litigants over civil rights but are, in effect, appeals from orders of public officials in the executive department to public officials in the judicial department. . . . .

" . . . . The Commission has such powers as are conferred by the Cities Civil Service Act, and no others. Section 4 of the Act provides that the Commission shall make rules to carry out the purposes of the Act, and for examinations, appointments and *removals* in accordance with its provisions. (Ch. 24½, par. 42, sec. 4, Ill.Rev.Stat.1953 [Jones Ill.Stats.Ann. 23.043].) Section 12 of the Act recites that no employee in the classified civil service shall be removed or discharged except for cause, upon written charges and after an opportunity to be heard. It then provides:

" 'Nothing in this Act shall limit the power of any officer to suspend a subordinate for a reasonable period, not exceeding thirty days.'

"The legislative policy thus established is clear. Two types of punishment are provided for—suspension not exceeding thirty days to be administered by the appointing officer, and discharge to be inflicted only after charges have been filed and a hearing had before the Commission. Appointing officials and others are not permitted to impose longer periods of suspension. This is protection for employees as well as for the good of the service. If the offense deserves a penalty greater than suspension for thirty days, the penalty of discharge must be imposed.

" . . . . . . . .

"The Civil Service Commission does not have the power to suspend. It has only the power to determine whether the evidence supports the charges and then to impose the punishment of discharge.

"As the Civil Service Commission has no power to suspend, courts in reviewing the rulings of that Commission cannot find that the Civil Service Commission erred for failure to impose a penalty less than discharge. Nor can the courts by indirection, such as requiring an agreement on the part of a plaintiff to waive his claim for back salary, accomplish the same result as suspension." Nolting v. Civil Service Commission, 7 Ill.App.2d 147, 152, 153, 154, 163, 129 N.E.2d 236, 239, 240, 244.

In the case at bar, we hold that the Board does not have power under § 316 to review the suspension of appellee to determine whether the suspension is justified. As presently advised, we know no reason why the legislature cannot provide for review of a suspension of less than thirty days by the Board if the legislature see fit so to provide. Until the legislature so provide, we do not think the Board has such power to review.

The decree appealed from is reversed and the cause is remanded for entry of decree in accord with this opinion.

Reversed and remanded.

LIVINGSTON, C. J., and LAWSON and GOODWYN, JJ., concur.