209 So.2d 370

James T. WAGGONER, Sr., et al.

v.

Christopher C. WHATLEY et al.

3 Div. 292.

Supreme Court of Alabama.

April 11, 1968.

Hill, Hill, Stovall & Carter, Montgomery, MacDonald Gallion, Atty. Gen., Wm. H. McQueen, and Wm. F. Black, Asst. Attys. Gen., and Wm. A. Oldacre, Sp. Asst. Atty. Gen., for appellants.

Goodwyn, Smith & Bowman, Montgomery, for appellees.

PER CURIAM.

Complainants-appellees, William J. Phelps, Jr., Walter H. Whittle, and Henry L. Dickinson, merit system employees of the Alabama Public Service Commission, filed their amended bill of complaint in the circuit court of Montgomery County, in equity, seeking relief against a layoff, pursuant to § 314, Title 55, Code 1940, that was imposed by the Commission, the appointing authority. James T. Waggoner, Sr., Christopher C. Whatley, and John W. Carter, original parties to the suit, are not here concerned with this appeal as appellants or appellees. Members of the Alabama Public Service Commission, the State Personnel Board and the Director, J. S. Frazier, were made parties to the complaint, and are appellants.

Section 314, supra, authorizes an appointing authority (the Alabama Public Service Commission in the instant case) to "lay off an employee in the classified service whenever he deems it necessary by reason of shortage of work or funds, or the abolition of a position or other material change in duties or organization." The layoffs in the instant case were based on an adopted resolution in the interest of economy and efficiency.

The State Personnel Board, and the State Director of Personnel of the State Personnel Department, declined to review the action of the Commission imposing the layoffs; hence, they were made parties respondent to the amended bill of complaint along with members of the Commission.

The trial court, after an extended hearing on the pleadings and the evidence, entered a final decree, provisions of which in part are as follows:

"It is, therefore, ORDERED, ADJUDGED AND DECREED:

(A) "That respondents, Tom Ventress, James A. Simpson and Ralph Smith, as

members of the State Personnel Board, make or cause to be made by Respondent, J. S. Frazier, as Director of Personnel, a hearing, investigation or study of Title 55, Section 314, Code of Alabama 1940 (Recomp. 1958) and determine whether Complainants, Henry L. Dickinson, William J. Phelps, Jr. and Walter H. Whittle were laid off in accordance with the rules and for any of the reasons enumerated in said Section 314. In the event it is determined by said authority that said Complainants were laid off for reasons other than those enumerated in said Section 314, then, in that event, said authority shall take such actions as are necessary to reinstate said Complainants as employees of the Public Service Commission effective as of the date each was laid off, and adjust the payroll of the Public Service Commission to include said Complainants during the period for which they were laid off; or to put into effect the rules and regulations adopted by the Board under Section 297, as they pertain to the treatment of lay-offs if, in fact, such rules and regulations are applicable to the facts as found by the Personnel Board.

(B) "That Respondents, Eugene (Bull) Conner, C. C. (Jack) Owen and Sibyl Pool be and they are hereby ordered to reinstate Complainants, Henry L. Dickinson, William J. Phelps, Jr. and Walter H. Whittle as Public Utilities Examiner I with the Public Service Commission effective as of the date each was laid off pending final order of this Court, and it further being the opinion of the Court that by Resolution dated January 20, 1967, the Alabama Public Service Commission authorized C. C. (Jack) Owen to act for the commission in all personnel matters pending the return to office of a majority of the commission, the Respondent, C. C. (Jack) Owen is hereby ordered to take such action as is necessary to reinstate said Complainants.

(C) "That Respondent C. C. (Jack) Owen, for and on behalf of Respondents, Eugene (Bull) Conner, C. C. (Jack) Owen and Sibyl Pool, cause the payroll of the Public Service Commission to be adjusted to include said Complainants, Henry L. Dickinson, William J. Phelps, Jr. and Walter H. Whittle for the period for which each was laid off and cause each of said Complainants to be paid his regular pay for said periods."

(D) "That Respondents, Eugene (Bull) Conner, C. C. (Jack) Owen and Sibyl Pool, cause said Complainants, Henry L. Dickinson, William J. Phelps, Jr. and Walter H. Whittle to be returned to duties as Public Utilities Examiner I pending a final order of this Court."

The provisions of the aforequoted paragraphs B, C and D were suspended by this Court pending an appeal by the members of the Public Service Commission. It is to be noted that we have designated said paragraphs by alphabet as a convenient mode of reference.

There are numerous assignments of error that are argued and here invoke consideration by this Court of the aforequoted provisions of the decree. We think we can dispose of the assignments without specific reference to them.

Appellants, the Board and the Commission, cite Pool v. Williams, 280 Ala. 337, 194 So.2d 87, as supporting their contention that the Board was without lawful authority to review the action of the Commission in laying off the appellees, Dickinson, Phelps and Whittle.

We do not think the case of Pool v. Williams, supra, is decisive of the issues here presented. We were dealing there with Section 316, Title 55, Code 1940, wherein an aggrieved classified employee of the Commission was suspended for thirty days pursuant to Section 316, supra, which was disciplinary action. That section specifically denies a hearing to a suspended employee. We did not agree in that case with the employee's contention that the provision in the statute (§ 316, supra) allowing a suspension without a hearing applied

only to the appointing authority and not to the Board, "otherwise, no purpose whatsoever would be served by having the suspended employee file an explanation of his charges (sic) to the Personnel Board."

While it is true that Section 315, Title 55, Code of 1940, specifically provides for a Board review on the merits of a dismissal, and that nothing is said about a review in Section 314, supra, we also again note that Section 316, supra, the subject of judicial consideration in Pool v. Williams, supra, denies a review. The absence in Section 314 of a provision directing a review, standing alone, would give impetus to appellants' contention that the Board was without authority to review the action of the Commission in laying off appellees. But we think other factors appearing in the statutes pertaining to the Merit System should be given consideration.

There is a marked contrast between Section 315, supra, which provides for a review in case of dismissals, and Section 316, supra, which denies review in case of a suspension. The former is extremely drastic and the latter reasonably mild. Section 314, supra, has under the Rules of the Board, an ameliorating requirement that if the positions are activated within two years, the ousted employees should have preference in filling these positions.

Even though the Board rule softens the ouster or layoff, it still remains that the action of the Commission under § 314, supra, results in a marked interruption or vacation of the employee's merit status. While it may not be designated as a dismissal, the effect on the employee (outside of a blight on his record) could be the equivalent. The personal or household economy of the employee could be so disrupted as to cause him to seek other areas of employment and discourage him from again seeking reinstatement. We conclude that the effect of § 314, supra, on the economy and morale of the employee is potentially drastic and repressive.

However, we are not unmindful that when an applicant for appointment under the merit system accepts a classified position with the State, he also accepts the provisions of law governing his employment. Pool v. Williams, supra, (1). But, he has a right to look at all the provisions of Title 55, Chapter 9, Code of Alabama 1940, in a determination of his employment status, with specific reference to a review of his separation from employment under § 314, supra. We now refer to some of the provisions of this Chapter.

Section 314 provides that

"* * * the director shall make such orders relating thereto as he considers necessary to secure compliance with the rules. * * *"

Section 297 provides that

"* * * It shall be the duty of the board * * * to make investigations, either on petition of a citizen, taxpayer, or interested party, or of its own motion, concerning the enforcement and effect of this chapter, * * *"

This section also provides that

"* * * It shall be the duty of the board as a body * * * to adopt * * rules and regulations for the administration of this chapter. * * *"

Also, it provides that

"* * * It shall be the duty of the board * * * to represent the public interest in the improvement of personnel administration in the state service, * *."

Section 299 provides that

"* * * it shall be his (the director's) duty to: * * * Perform any other act or acts required under this chapter or required by the board which may be necessary to carry into effect its purposes and spirit * * *."

Section 320 provides that

"The director shall make studies and report to the board upon all matters

touching the enforcement and the effect of the provisions of this chapter and the rules and regulations prescribed thereunder. * * *"

■■ It is to be observed that the powers and duties of the Board and the Director with respect to the administration of the merit system, and the sustention of its spirit and objectives, are broad and comprehensive, but subject to restraint by specific provisions of law as in § 316, supra. The Board, on petition of an interested party, or on its own motion, is expected and required to see that the appointing authority, in the abolition of a position or in laying off an employee, acts in good faith, as for example, where there is no longer a public necessity for the continuance of the office or the employment, or where the abolition or separation is advisably for the purposes of economy. Good faith on the part of the appointing authority is essential.

The purpose of Chapter 9, Title 55, Code of 1940, appears in § 293, as follows:.

"The purpose of this chapter is to assure to all citizens of demonstrated capacity, ability, and training an equal opportunity to compete for service with the state of Alabama; to establish conditions in the state service which will attract officers and employees of character and capacity; and to increase the efficiency of the governmental departments and agencies by the improvement of methods of personnel administration."

■ The State Personnel Board and the State Director of Personnel, created under Chapter 9, supra, are the administrative guardians of the merit system, and to them the affected officers and employees occupying classified positions may appeal for review of the actions of the appointing authority unless specifically provided otherwise. The provisions of the merit system laws should be liberally construed to effect a fair and impartial review of the appointing authority's act in separating an employee from his service under the merit system. This review is delegated to the Board, which should act either on its own motion or on petition. Without some Board to whom the affected employee or officer may appeal for review, political motivation on the part of the appointing authority would have relatively free activation in the absence of judicial restraint.

■ We think the aforequoted provisions of Chapter 9, supra, show an intent on the part of the legislature that the Board and/or the Director should review the acts of the appointing authority in separating classified employees or officers from their positions with the State, to the end that such affected persons may be assured bad faith was not present, and that the appointing authority was not influenced by political or kindred reprisal. Such review will add stability, integrity and dignity to, and sustain confidence in the merit system.

■ Pending the activation and conclusion of the administrative review, as here determined, we do not think the trial court, exercising equity jurisdiction, was authorized to order, by judicial fiat, the Public Service Commission to act as was done in paragraphs B, C and D, of the final decree. These mandates were in error for the reason that the Board was charged with the duty of determining whether the layoffs, here involved, were made in good or bad faith.

■ We think a presumption of good faith attended the action of the Commission in effecting the layoffs, and that such presumption continues pending a review by the Board. The Board may overturn this presumption, after full inquiry, and order the reinstatement of the complainants. Such reinstatements would entitle them to retroactive pay. We pretermit considering the jurisdiction of the Court after the Board acts.

It is ordered that the provision of the final decree, aforequoted, which we have designated paragraph A, be and the same is hereby affirmed.

It is further ordered that the provisions of the decree which we have designated paragraphs B, C, and D, all aforequoted, be, and the same are, reversed and rendered. The mandatory injunction pertinent to said paragraphs is dissolved.

The foregoing opinion was prepared by B. W. Simmons, Supernumerary Circuit Judge, and was adopted by the court as its opinion.

Affirmed in part, and reversed and rendered in part.

LIVINGSTON, C. J., and LAWSON, COLEMAN and HARWOOD, JJ., concur.