Appellant, Hollis J. Estes, had his license to practice funeral directing suspended for 90 days, from October 30, 1980 to January 29, 1981, by the Alabama Board of Funeral Service for embalming deceased human bodies without a license. On March 13, 1981 the Funeral Service Board charged appellant with practicing the profession of funeral directing without a license, a violation of Code of 1975, § 34-13-70 (a), and aiding an unlicensed person to practice funeral directing without a license, a violation of Code of 1975, § 34-13-56
(2)(h). These alleged violations took place during the period of Mr. Estes's suspension. After an administrative hearing was held in which evidence was produced to substantiate the charges, the Board issued a final order finding Estes guilty of the practicing of funeral *Page 804 
directing without a license and ordering that his license be revoked. He appealed that administrative order to the Circuit Court of Cleburne County on the ground that insufficient evidence had been produced to sustain the Board's order. The circuit court issued an order denying relief to appellant. It is from that court's affirmation of the Funeral Service Board's decision that appellant appeals to this Court. We affirm.
The issue on appeal is whether the order of the Funeral Service Board revoking the license of appellant is supported by legal and substantial evidence. The evidence presented at the hearing consisted of letters from families of deceased individuals, copies of two certified death certificates signed by appellant, and the testimony of appellant and one of his employees.
Appellant claims that the letters considered by the Board are nothing more than inadmissible hearsay and cannot be used to support the revocation of appellant's license. However, we held in Barnes v. State ex rel. Ferguson, 274 Ala. 705,151 So.2d 619 (1963), that administrative boards are not restricted to a consideration of evidence which would be legal in a court of law and may consider evidence of probative force even though it may be hearsay or otherwise illegal. Nonetheless, there must be sufficient legal evidence to support the order of an administrative board. If founded only on hearsay or other improper evidence, the decision of a board cannot be sustained.North Alabama Motor Express v. Rookis, 244 Ala. 137,12 So.2d 183 (1943).
In the present case, in addition to hearsay evidence the Funeral Service Board considered legally admissible evidence demonstrating that appellant engaged in the practice, profession or business of a funeral director without a license. The legal evidence is in the form of death certificates signed by appellant on the lines designated "Funeral Director." Code of 1975, § 34-13-1 (a)(16), in relevant part, defines funeral directing as
 the use of the words or term "funeral director," "undertaker," "mortician," "funeral parlor" or any other word or term from which can be implied the practice of funeral directing; or the holding out to the public that one is a funeral director or engaged in a practice herein described.
Appellant claims that the above statute is unconstitutionally vague. We find no merit in that argument as the definition given for funeral directing is explicit. And, use of the term "funeral director" from which can be implied the practice of funeral directing clearly falls within that definition. Appellant, therefore, violated Code of 1975, § 34-13-70 (a), which prohibits the practice of funeral directing without a license, when he signed the death certificates in question. The signatures constituted a representation to the public that he was a funeral director.
Having found that the death certificates are sufficient legal evidence to support the order of the Board of Funeral Service, we need not address the additional charge accusing appellant of violating Code of 1975, § 34-13-56 (2)(h), by aiding and abetting the unauthorized practice of funeral directing. The judgment of the trial court sustaining the decision of the Board is due to be, and is hereby, affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES and SHORES, JJ., concur.