WRIGHT, Presiding Judge.
On January 14, 1985, Horace Ivey, the Walker County District One Commissioner, laid off Frank Williams, Frank Woodley, Frank Noles, Charles Williams, and Leslie Porter, Jr. (employees). Ivey laid these employees off on his first day as a commissioner, due to an alleged lack of funds. The employees appealed the layoff to the Civil Service Board of Walker County, which reversed Ivey’s decision. Ivey appealed to the Circuit Court of Walker County, which reversed the decision of the Civil Service Board. The employees then brought this appeal.
Commissioner Ivey contends on appeal that the Civil Service Board lacked jurisdiction to hear this proceeding. He asserts that the Board’s power to review termi *469 nations does not extend to layoffs because they are different proceedings from those provided for in the Civil Service Act of Walker County. 1969 Ala. Acts 200 at 263-270, as amended by 1976 Ala. Acts 321, at 355-356, and 1980 Ala. Acts 80-673 at 1351-1354.
The purpose of civil service statutes is to provide stability, continuity, and security in the various job classifications within a municipality. Hall v. City of Tuscaloosa, 421 So.2d 1244 (Ala.1982). These statutes are also to insure that local authorities do not discharge employees because of their political affiliations. Miller v. State, 249 Ala. 14, 29 So.2d 411 (1947).
Section 14 of the Civil Service Act of Walker County states that the Board may hear appeals when an employee has been removed, discharged or demoted. While a layoff is not designated as a discharge or removal, the effect on the employee could be the equivalent. Waggoner v. Whatley, 282 Ala. 84, 209 So.2d 370 (1968).
Although the Civil Service Act does not specifically set forth the right to hear appeals of layoffs, we believe that this right is implicit in the act. This insures that the Civil Service Act of Walker County will provide stability, continuity, and security to Walker County employees. Therefore, we opine that the Civil Service Board had jurisdiction to hear the employees’ appeal.
The employees contend on appeal that the trial court failed to follow the correct legal standard of review, and therefore that the trial court erred in reversing the decision of the Civil Service Board. They assert that the function of the circuit court in reviewing decisions of the Civil Service Board is to rule on questions of law and not to substitute its judgment on questions of fact.
The Circuit Court of Walker County states in its order:
“The cause comes before the Court on the record of the proceeding of the Civil Service Board of Walker County and the oral and written arguments for the parties. This Court has carefully reviewed the record of the proceeding before the Civil Service Board and finds that the petitioners failed to meet their burden of proof to show they were laid off for reasons other than those that might normally be made to assure sound and economic operation of the county government. It is therefore
“ORDERED, ADJUDGED and DECREED that the decision of the Civil Service Board that has the effect of removing the petitioners from lay off status and returning them to their jobs is reversed. The petitioners shall remain in the lay off status.”
We are unable to discern from this order which standard of review the trial court applied in this case, and, therefore, we are unable to address the employees’ contention that the circuit court applied the wrong standard of review.
The correct standard of review for the circuit court is set forth in § 14(b) of the Civil Service Act of Walker County. Section 14(b) states:
“Any person aggrieved by a decision of the Board may appeal such decision to the circuit court of Walker County in equity within thirty days from the rendition of such decision by the Board. Review by the court shall be without a jury and be confined to the record, and to a determination of the questions of law presented; the Board’s findings of fact shall be final and conclusive.”
This standard is similar to that used by this court when a writ of certiorari is granted. The circuit court’s duty was to determine whether there was any legal evidence before the board to sustain its findings. Roberson v. Personnel Board, 390 So.2d 658 (Ala.Civ.App.1980); Personnel Board v. King, 456 So.2d 80 (Ala.Civ.App.1984). It was not the province of the circuit court to make a determination of the weight and credibility of the evidence presented. The weight and credibility of the evidence was for the board’s determination. Ex parte Personnel Board, 440 So.2d 1106 (Ala.Civ.App.1983).
*470 We have before us the same record' that was before the circuit court. Our review of the record reveals that though there was conflicting testimony, there was legal evidence to support the conclusion of the Civil Service Board. The record reveals that the employees were laid off on Ivey’s first day as County Commissioner. Two of the employees testified that their layoff was politically motivated, because they had supported another candidate for commissioner. In fact, they said they were told by Ivey that they could not work for him. The testimony also reveals that the layoffs were made after a cursory inspection of the amount of money available to the commissioner. There .was also conflicting testimony over the amount of money which the commissioner had to pay these employees.
The circuit court erred in setting aside the Civil Service Board order; accordingly, its judgment is due to be reversed.
REVERSED AND REMANDED.
BRADLEY and HOLMES, JJ., concur.