This action is an appeal pursuant to the Alabama Administrative Procedure Act, Ala. Code 1975, § 41-22-21
(act). The position of administrator of the Calhoun County Health Department, held by John Screws, was abolished in June 1987, allegedly due to a shortage of funds. Screws appealed his layoff in accordance with the procedures of the State Personnel Board (board). See Waggoner v. Whatley, 282 Ala. 84,209 So.2d 370 (1968). After a hearing was held to determine if Screws's layoff was in "good faith," the hearing officer submitted his findings and recommendations to the state personnel director (director). The hearing officer found that there was a preponderance of evidence that budget deficits existed and that the abolition of Screws's position was done in good faith.
After the administrative hearing, the director adopted the findings and conclusions of the hearing officer and sustained the actions of the Calhoun County health officer. Screws then appealed to the Circuit Court of Montgomery County, which upheld the decision of the director. Screws now appeals to this court pursuant to Ala. Code 1975, § 41-22-21.
The dispositive issue on appeal is whether the decision of the board is arbitrary or capricious.
The board's and/or director's standard of review in cases involving layoffs is set out in Waggoner v. Whatley,supra. There, our supreme court held that the State Personnel Board and/or the state director of personnel should review the acts of the appointing authorities when such authorities remove someone from their position with the state. This is to ensure that bad faith is not present. However, the supreme court found that a presumption of good faith attaches to the layoffs and that such presumption continues pending a review by the board.
Further, we point out that this court's, as well as the circuit court's, review of the agency's action is very limited. The act requires that an agency's decision be taken as prima facie just and reasonable. In other words, the reviewing court must give the agency's decision a presumption of correctness. It may not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The agency's decision is to be upheld unless it is unreasonable, arbitrary, or capricious. Benton v. Alabama Board of *Page 829 Medical Examiners, 467 So.2d 234 (Ala. 1985).
Here, the director determined that Screws's layoff was not the result of any bad faith. Rather, the director found that the layoff was because of financial reasons in that there was a budget deficit. Therefore, the question before this court is whether such decision is unreasonable, arbitrary, or capricious.
The facts, in pertinent part, reveal the following: John Screws, a Calhoun County department employee, was the administrator of the Calhoun County Health Department. By letter dated June 12, 1987, Screws was notified that his position as administrator would be abolished as of June 26, 1987. The letter stated that the layoff was required because of a fiscal shortfall only and that the action in no way reflected upon him personally. Screws then appealed this decision to the board, contending that the layoff was not done in good faith and that the position should be reinstated.
At the administrative hearing, extensive testimony and numerous exhibits were presented. We have reviewed the record of the proceeding, as well as the excellent briefs of the parties, and find ample evidence to support the director's decision that the layoff was the result of financial problems and was not done in bad faith.
The record reveals that, as early as 1986, the department began experiencing financial problems. At the same time, the department was in need of more clinical and service personnel in order to provide for the public health of the people in Calhoun County. With this background, the employing authority made the decision to eliminate four supervisory positions in the department in favor of retaining clinical and service positions. Each of the four employees affected was offered reemployment. We are satisfied that such evidence supports the finding that Screws's layoff was in good faith.
Screws also contends that certain evidence of lack of good faith was improperly excluded from the proceedings. He argues that, even though such evidence was hearsay, it should be admissible to show motive or bad faith. We do not agree that the circumstances here bring it within a proper exception to the hearsay rule. It appears that the proffered evidence by Mr. Leland Screws (Screws's brother) was "double hearsay" in that Dr. Fox's alleged statement was made to Mr. Goertz and Mr. Goertz allegedly repeated the statement to Mr. Leland Screws; i.e., Dr. Fox allegedly made this statement to Mr. Goertz; Mr. Goertz in turn allegedly told Mr. Leland Screws what he heard that Dr. Fox had said about Screws. We find that the trial court properly excluded Mr. Leland Screws's testimony here. Screws also argues that such statement should be allowed under the impeachment exception. This argument is sound in theory, but fails here because Mr. Goertz was Screws's own witness. A party may not impeach his own witness. C. Gamble, McElroy'sAlabama Evidence § 165.01(6) (3rd ed. 1977). Also,see § 165.01(7)(g), McElroy's AlabamaEvidence.
Finally, Screws argues that this evidence is admissible under the Alabama Administrative Procedure Act, Ala. Code 1975, §41-22-13(a), even if it was hearsay. It is true that the act does relax the rules of evidence in some degree in administrative proceedings, but it does not become so open as to allow the "double hearsay" offered here. We see no abuse of discretion here.
Screws also argues that layoff appeals should be heard by the board, as opposed to the director. In view ofWaggoner, we find no merit in this argument.Waggoner states that the board and the director are the administrative guardians of the merit system and that employees that are laid off may appeal to them. Further,Waggoner states that "the Board and/or the Director should review the acts of the appointing authority."Waggoner, 282 Ala. at 89, 209 So.2d at 375.
In view of the above, we find that the action of the director in upholding the decision to lay off Screws is supported by the *Page 830 
evidence. Therefore, the decision of the trial court is due to be affirmed.
AFFIRMED.
ROBERTSON and RUSSELL, JJ., concur.