ROBERTSON, Presiding Judge.
This appeal stems from an administrative hearing conducted by a hearing officer for the State Department of Human Resources (DHR). Dorothy Duncan, a day care worker employed by the Hillsboro Heights Baptist Church Day Care Center (Center), was found to have “eorporally/physically punished” two of the children in her care. The hearing officer found that such punishment was intentional and violated the Center’s policy, DHR rules, and the Alabama Child Care Act of 1971.
The hearing officer directed that the “indicated” dispositions of physical abuse on both children be entered against Duncan in the central registry. The central registry was established by DHR pursuant to § 26-14-8, Code 1975, and maintains reports of child abuse and neglect. The purpose of this registry is to protect children from child abuse, and the information in the registry is confidential and shall not be disclosed except for those reasons enumerated in § 26-14-8(b)(1) — (8), Code 1975.
Duncan appealed to the circuit court, where the administrative order was affirmed. On appeal to this court, she contends that the hearing officer unreasonably relied on hearsay evidence to reach his legal conclusions, that the hearing officer’s decision was premised on an abuse of discretion, and that the hearing officer’s decision was clearly erroneous.
Judicial review of the agency’s decision is limited by § 41-22-20(k), Code 1975, which provides in part:
“Except where judicial review is by trial de novo, the agency order shall be taken as prima facie just and reasonable, and the court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact, except where otherwise authorized by statute.”
In this instance the appeal is on the record, and there is no statutory provision for a trial de novo. See Benton v. Alabama, Board of Medical Examiners, 467 So.2d 234 (Ala.1985).
A presumption of correctness attaches to a decision by an administrative agency, and judicial review is limited to determining whether the decision is supported by substantial evidence, whether the agency’s decision is reasonable and not arbitrary, and whether its actions were within its statutory and constitutional powers. Ferlisi v. Alabama Medicaid Agency, 481 So.2d 400 (Ala.Civ.App.1985). A reviewing court may not substitute its judgment as to the weight of the evidence on questions of fact, and the agency’s decision is to be upheld unless it is unreasonable, arbitrary, or capricious. Screws v. Ballard, 574 So.2d 827 (Ala.Civ.App.1990).
The record reflects that the hearing officer made several findings of fact after a lengthy hearing. The record of that hearing is contained in almost 1400 pages of transcribed testimony. A recitation of that testimony would serve no useful purpose in this appeal. The record does reflect that Lois Duckworth, who worked at the Center for three months as a teacher’s aide or “floater,” reported two separate incidents of alleged abuse by Duncan to Jane Mifflin, the Center’s director.
The first incident allegedly occurred while four of the toddler classes were on the playground for play period. Duckworth testified that one of the toddlers came- over to Duncan to show her that he had been bitten; that Duncan called the child that had done the biting; and that she then struck him in the forehead, picked him up with his feet off the ground, and shook him. The other teachers present on the playground testified that they did not witness the incident.
The second incident reported by Duck-worth allegedly occurred in the classroom. Duckworth testified that as she was walking past Duncan’s room, she saw Duncan walking towards one of the children. Suspicious, Duckworth continued walking past the room and then turned back to watch Duncan. Duckworth testified that she saw Duncan strike the child with a downward blow to the face, striking the upper left front side of the face. There were no other teachers present *429 to witness this event. Duckworth testified that she spoke with Renae Todd and Agnes Davis, other teachers at the Center, after witnessing this occurrence, and they told her to report the incident to the Center’s director, which she did.
The testimony throughout the voluminous transcript is conflicting and contains hearsay; however, hearsay evidence of probative force may be considered in an administrative hearing. Estes v. Board of Funeral Service, 409 So.2d 803 (Ala.1982). “Nonetheless, there must be sufficient legal evidence to support the order of an administrative board. If founded only on hearsay or other improper evidence, the decision of a board cannot be sustained.” Estes at 804. (Emphasis in original.)
The record clearly reveals sufficient legal evidence to support the hearing officer’s decision. Consequently, we cannot hold that the hearing officer unreasonably relied on hearsay evidence; that his decision was clearly erroneous; or that it was an abuse of discretion. The judgment of the trial court is due to be affirmed.
AFFIRMED.
THIGPEN and YATES, JJ., concur.