ALMON, Justice.
This Court granted petitions for certiorari filed by the Alabama Department of Environmental Management (“ADEM”); the Business Council of Alabama and the Alabama Pulp and Paper Industry Environmental Group; and the Alabama Environmental Management Commission (“AEMC” or “Commissioners”). The petitions allege several grounds for overturning the judgment of the Court of Civil Appeals, 627 So.2d 931, which reversed the trial court’s denial of a petition for a writ of mandamus filed by the Sierra Club, The Alabama Conservancy, and Tony Oddo (together referred to as “Sierra”). Sierra had sought the writ to compel a hearing officer to allow Sierra to depose employees of ADEM and the Commissioners in an administrative proceeding concerning the adoption of a water quality standard for dioxin.
ADEM and AEMC were created by the Environmental Management Act, Ala.Aets 1982, No. 82-612, now codified at Ala.Code 1975, § 22-22A-1 et seq. ADEM is the “state environmental control agency for purposes of federal environmental law,” § 22- *929 22A-4(n); AEMC has the duty to “establish ... any rules, regulations or environmental standards for the department,” § 22-22A-6(a)(2). Thus, these entities have responsibility for adopting a numeric standard for the acceptable level of dioxin in state waters. See the Federal Water Pollution Control Act, 33 U.S.C. § 1251 et seq.
In December 1989, pursuant to the rule-making procedures in § 22-22A-8, ADEM proposed a standard for dioxin. ADEM’s proposed rule used an equation recommended by the United States Environmental Protection Agency (EPA) to formulate the dioxin standard; ADEM also used all of the factors recommended by the EPA in the equation. Later, however, in response to comments made during the rulemaking process, ADEM amended the dioxin standard. The amended standard used a value recommended by the Food and Drug Administration (FDA) for the cancer potency factor, one of the variables in the EPA equation. The FDA cancer potency factor is one-ninth as high as the cancer potency factor recommended by EPA. On February 20, 1991, AEMC, by a 4-2 vote of the 7-member Commission, adopted the amended standard proposed by ADEM.[1]
Contending that the amended dioxin standard violated state law, Sierra appealed, pursuant to Ala.Code 1975, § 22-22A-7(c), from the agency’s adoption of the dioxin standard.[2] AEMC appointed attorney Ira DeMent[3] to preside over the appeal as the hearing officer. Ala.Code 1975, § 22-22A-7(b).
During the prehearing proceedings, Sierra attempted to take the depositions of certain ADEM employees responsible for the formulation of the amended standard; it also attempted to depose the Commissioners. Sierra contended that it would be unable to challenge the standard if it was not allowed to ascertain the agency’s true reasons for adopting the standard. ADEM and the Commissioners opposed Sierra’s requests, arguing that Sierra had no right to conduct discovery in an administrative proceeding, and that, moreover, the internal deliberations preceding the adoption of the standard were protected by the deliberative process privilege, a subset of the executive privilege. After several prehearing conferences, hearing officer DeMent addressed the discovery issues in an order that provided:
“4. The Hearing Officer decided that the privileged information is not discoverable to the same extent that privileged information is not discoverable at common law, but specifically declined to define the scope of the privilege. The Hearing Officer invited the parties to refer discovery disputes over the scope of the privilege to him on a question by question basis.
“5. The Hearing Officer denied the Petitioner’s motion to depose the Commissioners in the absence of allegations of fraud or bad faith on the part of the Commissioners or any one of them. Such allegations, even if on information and belief, must have some demonstrable basis in fact.”
Hearing officer DeMent also ruled that discovery was to be “generally governed by the Alabama Rules of Civil Procedure, and that all relevant testimony and documents will be freely admitted into evidence at the hearing.” Sierra sought a writ of mandamus from the Montgomery County Circuit Court, asking that court to order hearing officer DeMent to compel the ADEM employees and the Commissioners to testify. After the petition was filed, but before the circuit court ruled on the mandamus petition, hearing officer DeMent ruled on some of the objections made by ADEM based on privilege: he sustained some of the objections and overruled others.
The trial court denied Sierra’s petition for a writ of mandamus. The court held that the issuance of a writ of mandamus would, under the facts presented, constitute an “unwarranted interference with the administrative *930 process.” Sierra appealed to the Court of Civil Appeals. The Court of Civil Appeals reversed the judgment of the trial court. That Court held that the deliberative process privilege did not apply to this administrative proceeding and that the trial court therefore had erred in refusing to issue the writ of mandamus.
It is well settled that the writ of mandamus is an extraordinary and drastic remedy and is available only where 1) the petitioner has a clear legal right to the relief sought; and 2) the petitioner has no other adequate legal remedy. Ex parte Johnson Land Co., 561 So.2d 506 (Ala.1990); Ex parte Twintech Industries, Inc., 558 So.2d 923 (Ala.1990). In the discovery context, a writ of mandamus will lie to direct the trial court to compel a party to give testimony only where the trial court has abused its discretion. Ex parte McTier, 414 So.2d 460 (Ala.1982); Ex parte Alabama Power Co., 280 Ala. 586, 196 So.2d 702 (1967).
The Rules of Civil Procedure provide for the taking of depositions and other discovery. See part V of those rules, especially Rules 26, 28, and 30. However, Rule 81(b) provides: “These rules are not applicable to any proceeding in which the adjudication of the controversy is by ... an administrative agency.” The Environmental Management Act, Ala.Code 1975, § 22-22A-1 et seq., and the Administrative Procedure Act, Ala.Code 1975, § 41-22-1 et seq., provide comprehensive procedures for hearings and decisions on contested cases such as this one, but no provision in either act gives a contestant a statutory right to take depositions during such administrative proceedings,[4] and Sierra does not argue that it has such a statutory right or that such a right has been recognized by case law.[5] Furthermore, as the Court of Civil Appeals noted in Dawson v. Cole, 485 So.2d 1164, 1168 (Ala.Civ.App. 1986): “It has been generally recognized that there is no basic constitutional right to pre-hearing discovery in administrative proceedings.”
Thus, no rule, statute, case, or constitutional provision appears to give a party in an administrative proceeding the right to take depositions. Sierra essentially concedes this fact but then argues that, once a hearing officer provides for depositions or other discovery, he should not be allowed to limit such discovery illegally, arbitrarily, or capriciously. However, the very fact that the hearing officer granted more than Sierra was entitled to receive refutes the argument that he was required to grant even more liberal discovery.
Thus, it cannot be said that Sierra had a clear right to the relief sought by its petition for writ of mandamus.[6] The trial court therefore did not abuse its discretion in denying the petition. The judgment of the Court of Civil Appeals is reversed, and the cause is remanded.
REVERSED AND REMANDED.
HORNSBY, C.J., and SHORES, HOUSTON and INGRAM, JJ., concur.

. Any standard proposed by ADEM must be adopted and promulgated by AEMC before it takes effect. Ala.Code 1975, § 22-22A-5(2).

. Sierra also appealed from the adoption of several other regulations by AEMC. The appeal on the dioxin standard was severed from the other appeals; those appeals are pending before a different hearing officer.

.Ira DeMent was later appointed a Federal district judge for the Middle District of Alabama.

.Section 22-22A-7(a)(2) gives AEMC the power to "take and cause to be taken depositions of witnesses." There is no contention that this provision gives parties full discovery rights as under the Rules of Civil Procedure.
In the Administrative Procedure Act, § 41-22-20(i) provides that, when an appeal is taken from an administrative ruling to the circuit court, the court may take further evidence "as to fraud or misconduct of some person engaged in the administration of the agency or procedural irregularities before the agency not shown in the record.” In such circumstances, discovery would presumably be allowable pursuant to the Rules of Civil Procedure.

. But see Ex parte Civil Service Board of the City of Muscle Shoals, 571 So.2d 1125, 1126 (Ala.1990), in which this Court stated that discovery under the Civil Service Act in question "is a matter of discretion with the [Civil Service] Board.”

. Sierra's complaint also sought declaratory and injunctive relief, but the Court of Civil Appeals did not address those aspects of the complaint, and Sierra does not make any argument as to them in its brief in this Court. Moreover, those counts seeking that relief appear to rest on assumptions that are inconsistent with the analysis in this opinion.