On Application for Rehearing

THOMAS, Judge.
The opinion of February 5, 2010, is withdrawn, and the following is substituted therefor.
On December 23, 2005, the Alabama Department of Mental Health and Mental Retardation, now known as the Department of Mental Health (“DMH”), terminated Jeffery Miller’s employment as a Mental Health Worker I for allegedly abusing a patient at the Taylor Hardin Secure Medical Facility (“Taylor Hardin”). Miller appealed the decision to the Alabama State Personnel Board (“the Board”). On May 6, 2006, a hearing officer for the Board recommended that the Board uphold the termination of Miller’s employment. On June 6, 2006, Miller filed written exceptions to the hearing officer’s recommendation with the Board and requested oral argument. On July 19, 2006, after oral argument before the Board, the Board overruled the hearing officer’s recommendation, finding that termination of *760 Miller’s employment was too severe a penalty, and it ordered that Miller’s employment be reinstated without backpay. On September 18, 2006, Miller petitioned the Montgomery Circuit Court to review the Board’s decision, arguing that the Board had erred by failing to award Miller back-pay.
In his petition for judicial review, Miller argued that he had been denied due process and that the Board had failed to comply with certain procedural requirements of the Alabama Administrative Procedure Act (“AAPA”), § 41-22-1 et seq., Ala.Code 1975. Miller first argued that the Board had violated his right to confront and cross-examine his accuser because, he argued, the patient he was accused of abusing did not testify at the hearing before the hearing officer. Miller alleged that the failure of the patient to testify at the hearing violated the requirements of § 44-22-13(1), which states that a party shall not be denied the right to cross-examine a witness. Miller’s second argument was that the Board had erred by allowing into evidence certain hearsay statements made by the patient. Miller alleged that the admission of hearsay evidence violated the requirement in § 41-22-13(1) that “[t]he testimony of parties and witnesses shall be made under oath.” Miller’s third argument was that the Board’s refusal to allow Miller to depose the patient violated the provision in § 41-22-13(3) that provides that “[a] party may conduct cross-examination required for a full and true disclosure of the facts, except as my otherwise be limited by law.”
Following a hearing, the trial court affirmed the Board’s order. Miller filed a postjudgment motion, and, after a hearing, the trial court granted Miller’s post-judgment motion, finding that the Board had violated Miller’s constitutional right to due process and that it had failed to meet the requirements of the AAPA. The trial court reversed the Board’s decision and remanded the case to the Board for it to hold a new hearing. The Board filed a timely notice of appeal to this court.[1]
Miller argues that this court lacks jurisdiction over this matter because the trial court remanded the case back to the Board for further proceedings; therefore, Miller argues, the Board is attempting to appeal an interlocutory order. Miller also makes this argument in a separate motion to dismiss the appeal. “ ‘A final judgment is necessary to give jurisdiction to this court on appeal.’ [Marsh v. Wittmeier, 280 Ala. 172, 173, 190 So.2d 920, 920 (1966).] A judgment is final if it disposes of all the claims and controversies between all the parties.” Richburg v. Richburg, 895 So.2d 311, 313 (Ala.Civ.App.2004). The trial court reversed the Board’s decision and remanded the case to the Board to conduct a new hearing that comports with the requirements of due process and the AAPA. See § 41-22-20(k), Ala.Code 1975 (“The court may affirm the agency action or remand the case to the agency *761 for taking additional testimony and evidence for further proceedings. The court may reverse or modify the decision or grant other appropriate relief from the agency action.... ”). In its judgment reversing the Board’s decision, the trial court disposed of all issues and controversies between the parties; there are no matters that remain pending before the trial court. Therefore, the trial court’s judgment is final and this court has jurisdiction over the Board’s appeal.
The standard of review on an appeal from a circuit court’s review of an agency’s decision is well established.
“ ‘This court reviews a circuit court’s judgment without a presumption of correctness because the circuit court is in no better position to review an agency’s decision than this court. Clark v. Fancher, 662 So.2d 258, 261 (Ala.Civ.App.1994).’ Alabama Bd. of Nursing v. Peterson, 976 So.2d 1028, 1033 (Ala.Civ.App.2007). ‘[T]here is no presumption of correctness afforded to [an administrative decision maker’s] legal conclusions or its application of the law to the facts.’ Medical Licensure Comm’n of Alabama v. Herrera, 918 So.2d 918, 926 (Ala.Civ.App.2005).”
Alabama Dep’t of Pub. Safety v. Prince, 34 So.3d 700, 702-03 (Ala.Civ.App.2009).
On appeal, the Board first argues that the trial court’s judgment was against the weight of the evidence. The trial court, however, did not address the weight of the evidence in its judgment. According to its judgment, the trial court concluded that, as a matter of law, the Board had violated Miller’s rights under the AAPA and his due-process rights. Therefore, the Board’s argument that the trial court substituted its judgment for that of the Board on issues of fact is without merit.
The trial court held in essence that the Board had violated Miller’s constitutional due-process right to confront and cross-examine his accuser. The Board argues that a party in a civil matter does not have an absolute right to confront and cross-examine a witness. In addition, the Board argues that Miller had the opportunity to call the patient as a witness in the hearing before the hearing officer but that he chose not to seek testimony from the patient. “The United States Supreme Court in Ohio v. Roberts, 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980), emphasized that the Confrontation Clause reflects a preference for face-to-face confrontation at trial and that a primary interest secured by the Confrontation Clause is the right of cross-examination.” Ex parte Scroggins, 727 So.2d 131, 132 (Ala.1998).
“Although the Confrontation Clause is not specifically applicable in civil cases, the right of a civil litigant to cross-examine the witnesses against him has historically been considered a fundamental component of a fair trial, and it may, in some circumstances, be a required element of procedural due process.”
Smallwood v. State Dep’t of Human Res., 716 So.2d 684, 689 (Ala.Civ.App.1998); see also Willner v. Committee on Character & Fitness, 373 U.S. 96, 103, 83 S.Ct. 1175, 10 L.Ed.2d 224 (1963) (“We have emphasized in recent years that procedural due process often requires confrontation and cross-examination of those whose word deprives a person of his livelihood.”). However, the right to confront an accuser is not an absolute right in a civil matter. Smallwood, 716 So.2d at 689.
Miller argued in the trial court that he was not given the opportunity to confront and cross-examine his accuser. However, we need not decide whether Miller was denied the right to confront and cross-examine the patient in this case. *762 Miller received notice that DMH would not be calling the patient to testify at the hearing before the hearing officer. Miller had the opportunity to subpoena the patient to testify at the hearing, but he failed to do so. Miller’s failure to subpoena the patient was a waiver of his right to confront and cross-examine his accuser. See, generally, Livingston v. State, 419 So.2d 270, 273 (Ala.Crim.App.1982) (“Appellant cannot object to the absence of the witness in the trial itself. The record is devoid of any indication that, before or during the trial, appellant attempted on his own or by process of court to obtain the presence of the witness at trial. Such lack of diligence at trial constitutes waiver of compulsory process.”); see also Calvert & Marsh Coal Co. v. Pass, 393 So.2d 955, 958 (Ala.1980) (recognizing that the right to cross-examination may be waived if not exercised). Because Miller chose not to take advantage of the opportunity to subpoena the patient to testify at the hearing, he waived his right to confront and cross-examine his accuser. Therefore, Miller’s argument cannot form a basis for the trial court’s judgment reversing the Board’s decision.
On rehearing, Miller argues that our holding has “departed from the administrative regulations governing merit employee appeals.” Relying on Ala. Admin. Code (Pers. Bd.), Rule 670-X-5-.08(7), Miller argues that, by concluding that he waived his right to confront and cross-examine the patient by not choosing to call the patient as a witness himself, we have shifted the burden of calling prosecution witnesses to the employee. We disagree.
Rule 670-X-5-.08 governs the conduct of a hearing on dismissals and charges brought against an employee. Subsection (7) provides:
“A hearing before a Hearing Officer shall be conducted in accordance with the following order:
“(a) Reading of the dismissal action or other charges against the employee and of other pertinent information from the employee’s record. The record shall be available to all parties for reference in connection with the hearing.
“(b) Presentation of charges against the employee, including testimony of witnesses and other evidence. The employee or his counsel and the Hearing Officer may examine the witnesses.
“(c) Presentation of the employee’s answer to the charges, including testimony of his witnesses. The parties and the Hearing Officer may also examine these witnesses.
“(d) Summation by the parties, if desired by them.”
DMH presented its evidence of the charges against Miller. DMH chose not to call the patient as a witness; Miller was aware of DMH’S decision. Miller, then, if he wished to confront or cross-examine the witness, had the right to call the patient during his presentation of his answer to the charges. In no way does our conclusion that Miller waived his right to confront and cross-examine his accuser imper-missibly shift any burden to Miller, the employee, to call witnesses for DMH. Nor can we agree with Miller that, by requiring him to at least attempt to secure the testimony of the patient he wished to cross-examine, we somehow violated Rule 670-X-5-.08(7).
Rule 670-X-5-.08(7) prescribes the order of the presentation of evidence in a hearing on charges against an employee. The rule does not require the employing agency to call any particular witness; it merely requires that the employing agency, as the prosecuting entity, present its evidence to prove the charges against the *763 employee first, before the employee must present any evidence he or she may have to answer those charges. If the employing agency chooses not to call a particular witness, the employee has the opportunity to do so, and the employee’s failure to take steps to call that witness is a waiver of the right to confront or cross-examine a witness in an administrative setting, just as it would be in any other civil setting. Thus, we reject Miller’s rehearing argument that we have shifted the burden to an employee to call prosecution witnesses and have thus violated Rule 670-X-5-.08(7).
Miller also argued in the trial court that the Board had violated his right to confront and cross-examine his accuser when the hearing officer issued a protective order denying Miller the opportunity to depose the patient. The Board, however, argues that Miller did not have an absolute right to take the patient’s deposition and that the hearing officer acted within his discretion. “[N]o rule, statute, case, or constitutional provision appears to give a party in an administrative proceeding the right to take depositions.” Ex parte Alabama Dep’t of Envtl. Mgmt., 627 So.2d 927, 930 (Ala.1993). The court further stated that “ ‘[i]t has been generally recognized that there is no basic constitutional right to pre-hearing discovery in administrative proceedings.’ ” Id. (quoting Dawson v. Cole, 485 So.2d 1164, 1168 (Ala.Civ.App.1986)). The decision whether to allow pre-hearing discovery in an administrative proceeding “is within the discretion of the [administrative agency], subject to judicial review.” Chafian v. Alabama Bd. of Chiropractic Exam’rs, 647 So.2d 759, 762 (Ala.Civ.App.1994).
Miller sent notice to the Board that he intended to depose the patient. DMH objected to the deposition notice on the following grounds: that the patient’s identity is confidential and privileged, that DMH had no authority to compel the patient to attend the deposition, and that DMH did not intend to call the patient as a witness in this matter. The hearing officer ordered that Miller could not depose the patient. Miller does not argue that the hearing officer exceeded his discretion by not allowing Miller to depose the patient. Miller argues only that the hearing officer violated his statutory and constitutional right to depose the patient. Because Miller does not have an absolute right to take depositions in an administrative proceeding, this argument has no merit and cannot form the basis for the trial court’s judgment.
The Board also argues that Miller’s argument in the trial court relating to the admission of hearsay evidence fails to support the trial court’s judgment. The Board argues on appeal that it did not rely solely on hearsay evidence in making its decision to terminate Miller’s employment at Taylor Hardin. “[H]earsay evidence of probative force may be considered in an administrative hearing. Estes v. Board of Funeral Service, 409 So.2d 803 (Ala.1982). ‘Nonetheless, there must be sufficient legal evidence to support the order of an administrative board. If founded only on hearsay or other improper evidence, the decision of a board cannot be sustained.’ Estes at 804. (Emphasis in original.)” Duncan v. State Dep’t of Human Res., 627 So.2d 427, 429 (Ala.Civ.App.1993); see also State Pers. Bd. v. State Dep’t of Mental Health & Mental Retardation, 694 So.2d 1367, 1373 (Ala.Civ.App.1996) (“Although hearsay is admissible in an administrative proceeding, it cannot provide the sole basis for an administrative ruling.”); and Estes v. Board of Funeral Serv., 409 So.2d 803, 804 (Ala.1982) (“[A]dministrative boards are not restricted to a consideration of evidence which would be legal in a court of law and may consider *764 evidence of probative force even though it may be hearsay or otherwise illegal.”).
In the present case, the Board considered both hearsay and nonhearsay evidence in reaching its decision to terminate Miller’s employment. Dr. Patricia Pilking-ton, the physician who examined the patient, testified on direct examination at the hearing.
“Q: Do you have an opinion about the injury that you observed on the 8th in terms of what could have caused such injury?
“A: I think it’s consistent with, you know, being hit, right-handed punch, because it’s an area that’s harder to get to, it’s not an area that you usually bump, you know, like an elbow or a knee as you’re passing a table, it’s an area you have to make a concerted effort to get into here. So it would fit with a fist punch to the face.”
Dr. Pilkington’s nonhearsay testimony provided the Board with a basis for determining that the patient had been struck in the face. In addition to Dr. Pilkington’s testimony, the Board heard testimony from other witnesses regarding the incident that corroborated the patient’s allegations that Miller had hit him. Therefore, the Board did not rely solely on hearsay testimony in making its decision to reinstate Miller without backpay.
Because Miller had the opportunity to confront the patient but chose not to call the patient as a witness, he waived his right to confront and cross-examine the patient. In addition, Miller did not have an absolute right to depose the patient. Finally, the Board did not rely solely on hearsay evidence in making its decision to withhold backpay. Therefore, the trial court erred in concluding that the Board denied Miller his statutory and due-process rights. We reverse the judgment of the trial court and remand the cause to the trial court with instructions that it enter a judgment affirming the decision of the Board. Miller’s motion to dismiss is denied.
APPLICATION GRANTED; OPINION OF FEBRUARY 5, 2010, WITHDRAWN; OPINION SUBSTITUTED; REVERSED AND REMANDED WITH INSTRUCTIONS.
THOMPSON, P.J., and PITTMAN and MOORE, JJ., concur.
BRYAN, J., concurs in the result, without writing.

. Miller brought to our attention that the administrative record was not properly designated by reference as a portion of the record on appeal by the circuit clerk. See Rule 10(b), Ala. R.App. P. ("Designated documents incapable of being legibly or otherwise photocopied, including those of unusual weight or bulk, and physical exhibits shall be made a part of the clerk’s record by reference but placed in a suitable separate container for transmittal to the appellate court.”). This court ordered proper supplementation in an order granting Miller’s application for rehearing to the extent that it concerned the fact that this court had considered matters outside the record on original submission. Thus, we have previously addressed Miller’s argument on rehearing concerning our consideration of matters outside the record, and we will consider only his substantive argument on rehearing.