COBB, Chief Justice
(dissenting).
I respectfully dissent from the denial of this petition for a writ of certiorari. In this case, the Alabama Department of Mental Health (“the Department”) terminated petitioner Jeffery L. Miller’s employment at Taylor Hardin Secure Medical Facility based on Miller’s alleged abuse of a patient. Miller appealed to the Alabama State Personnel Board (“the Board”), which concluded that termination was too severe a penalty; the Board ordered reinstatement without backpay. Miller then appealed the Board’s decision to the Montgomery Circuit Court; that court concluded that Miller had been denied his constitutional rights to confront and to cross-examine the witness against him and remanded the cause to the Board for a new termination hearing. The Board appealed the circuit court’s decision to the Alabama Court of Civil Appeals, which reversed the decision and remanded the cause to the circuit court with instructions to affirm the Board’s decision. Alabama State Pers. Bd. v. Miller, 66 So.3d 757 (Ala.Civ.App.2010).
Miller sought certiorari review of the decision of the Court of Civil Appeals in this Court, presenting as a ground for review the issue whether the employment of a State merit-system employee may be terminated based on the unsworn testimony of an alleged victim without the employee’s being allowed the opportunity to cross-examine the victim. According to Miller’s petition, before his hearing with the Board Miller attempted to depose the alleged victim, who, Miller says, gave three inconsistent statements to officials at Taylor Hardin Secure Medical Facility and allegedly bragged about getting Miller fired based on his false allegations. The Board’s hearing officer granted the Department’s motion for a protective order to prevent Miller from deposing the alleged victim. At the hearing, the Department did not call the alleged victim to testify but instead proffered his prior statements made to Taylor Hardin officials concerning the alleged abuse. Those statements were admitted as evidence before the Board over Miller’s objections.
The opinion by the Court of Civil Appeals relied on Calvert & Marsh Coal Co. v. Pass, 393 So.2d 955, 958 (Ma.1980), and Livingston v. State, 419 So.2d 270, 273 (Aa.Crim.App.1982), to support its determination that there was no need to consider whether Miller had been denied the right to confront and to cross-examine the alleged victim because Miller had waived any such right by failing to subpoena and to call the patient as a witness himself. Both Calvert and Livingston are distinguishable from the case at hand. Calvert involved a civil defendant’s failure to cross-examine the plaintiffs witness immediately after the witness’s direct testimony. Livingston involved a criminal defendant’s failure to secure the attendance of his own defense witness. The Court of Civil Appeals cited no authority in support of the proposition that an employee whose employment has been terminated must subpoena the appointing authority’s primary or “star” witness or waive his or her right to confront and to cross-examine that witness at trial. Because the cases the Court of Civil Appeals relied on for its holding of waiver are inapt, this case presents a question of first impression that, under Aa. RApp. P., Rule 39(a)(1)(C), warrants granting the petition. Section 41-22-13(1), Aa.Code 1975, a part of the Aa-bama Administrative Procedure Act, provides that “the adversary party shall not be denied the right of cross-examination of *766 the witness. The testimony of parties and witnesses shall be made under oath.” Further, § 41-22-13(3), Ala.Code 1975, provides that “[a] party may conduct cross-examination required for a full and true disclosure of the facts, except as may otherwise be limited by law.”
The Court of Civil Appeals held further that the Department’s decision was not based solely on hearsay because the physician who examined the alleged victim testified that the victim’s injuries were consistent with having been hit or kicked in the head. That testimony, however, does not establish that Miller was the perpetrator of the abuse. The only evidence on that point was the unsworn and un-cross-exam-ined hearsay statements of the alleged victim. I believe that this error also warrants further review by this Court.